(December 10, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE C. KNIGHTS, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered July 3, 1984 in Chemung County, upon a verdict convicting defendant of the crime of assault in the second degree.

At about 6:45 P.M. on May 25, 1982, Officer Joseph Keough of the Elmira Police Department was called to the scene of a family dispute at the home of Louise Knights and her three children. As he arrived at the scene, he heard a voice from the second floor yelling, "No Tommie, no Tommie." He entered the house, went to the second floor where he saw defendant and his wife, Louise Knights, sitting together on a bed. She was covered with blood and in her hand she held a hunting knife with a four-inch blade. Keough asked whose knife it was, and defendant responded, "It's my knife, I got her." Keough then asked what had happened and defendant responded that his wife was gone all day, he had waited for her and got her. Defendant was then arrested, handcuffed and taken to the police station where he was given his *Miranda* warnings, at which time he requested the assistance of counsel. On June 9, 1982, he was indicted for the crime of assault in the second degree. During his arraignment on June 18, 1982, the District Attorney stated that he was in all respects ready for trial. Pretrial motions made by defendant were served upon the District Attorney on August 25, 1982.

In the meantime, defendant murdered his wife, was indicted for that crime on July 12, 1982 and arraigned on July 14, 1982. After a *Huntley* hearing, defendant appeared in County Court on both indictments on September 24, 1982, when the District Attorney placed upon the record his readiness for trial on both indictments. The People elected to try the most serious charge first, and the murder trial was held in Supreme Court from November 30, 1982 through December 3, 1982,

followed by defendant's conviction and sentence on January 31, 1983 of 25 years to life imprisonment. His conviction was thereafter affirmed by this court on March 7, 1985 *(People v Knights,* 109 AD2d 910).

Meanwhile, defendant returned to County Court on the assault charge on February 10, 1984, at which time new counsel was assigned who forthwith moved for dismissal of the indictment for failure to provide defendant with a speedy trial. The motion was denied by County Court on March 30, 1984 and the trial began in Supreme Court on May 22, 1984, resulting in conviction and a concurrent prison sentence of 2 to 6 years on July 3, 1984. This appeal from the assault conviction ensued.

Defendant raises various issues on this appeal seeking reversal of his assault conviction, including the lack of a speedy trial. On that issue, it appears that during the period between the first and second trials, defendant, on more than one occasion, sought dismissal of the assault indictment since he was then incarcerated on his sentence of 25 years to life. The People's steadfast insistence upon the trial of that indictment ultimately forced the matter to trial. Under the circumstances presented, any delay involved cannot be charged to the People regardless of whether it is alleged to be of constitutional or statutory proportions (CPL 30.30 [4]; *see, People v Dean,* 45 NY2d 651; *People v Taranovich,* 37 NY2d 442, 445; *see also, People v Rainey,* 28 NY2d 863, *cert denied* 404 US 861). Moreover, the record demonstrates the lack of any objection by or on behalf of defendant, and his acquiescence and subsequent conduct, in our view, constitutes a waiver *(see, People v Timothy,* 34 NY2d 867, 868; *People v Prosser,* 309 NY 353, 360; *People v Panarella,* 50 AD2d 304).

We also reject defendant's contention that it was reversible error for Supreme Court to permit a representative of the news media to invoke the Shield Law when questioned about his source of information for a broadcast about defendant's impending trial (Civil Rights Law § 79-h). Although there was no showing that the source of the information sought was received under a promise of confidentiality *(see, Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151), there is no showing of any prejudice to defendant by the court's ruling and, in any event, the source of the critical information sought by defendant was disclosed.

Additionally, we find no reversible error in the prosecution's comments during summation. His reference to the unavail-

ability of the victim of the assault to testify was by way of explanation and not an attempt to prejudice defendant. Furthermore, Supreme Court was quick to respond to defendant's objection with curative instructions when required *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Ketchum,* 35 NY2d 740, 741, *cert denied* 420 US 928). Finally, we have examined the court's charge to the jury and find it clear and complete in every detail.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.