■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROLL A. FREEMAN, Appellant.—Appeal by the defendant from three judgments of the County Court, Suffolk County (Mazzei, J.), all rendered July 15, 1985, convicting him of attempted grand larceny in the third degree under indictment No. 1153/84, criminal possession of stolen property in the third degree under indictment No. 1174/84, and burglary in the second degree and grand larceny in the third degree under indictment No. 2004/84, upon jury verdicts, and imposing sentences. The appeal from the judgment rendered on indictment No. 2004/84 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the appeals from the judgments under indictments Nos. 1153/84 and 1174/84 are dismissed as abandoned; and it is further,

Ordered that the judgment under indictment No. 2004/84 is affirmed.

The defendant was apprehended at 3:30 A.M. on September 4, 1984 while riding a bicycle along a deserted suburban street in Suffolk County, carrying several fishing poles, an electric chain saw and a leaf blower. The officers stopping him had received a report of a "possible burglary", involving a suspect who had left the scene on a bicycle.

On appeal, the defendant contends that in view of the fact that the police had probable cause to arrest him when they first stopped him on the bicycle, their preliminary questioning of him without first informing him of his *Miranda* rights was improper, requiring suppression of his statements. We disagree.

When the officers stopped the defendant, they lacked "information sufficient to support a reasonable belief that an offense [had] been or [was] being committed" *(People v Bigelow,* 66 NY2d 417, 423). Having heard of a "possible burglary", and lacking any information as to what might have been stolen, the officers had reasonable suspicion to stop the defendant and to make a preliminary, noncustodial inquiry *(People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). Some 10 minutes later, when the officers received information by radio that the items

which the defendant was carrying had been stolen from the premises of a local homeowner, their reasonable suspicion ripened into probable cause, and the defendant was duly arrested and advised of his *Miranda* rights. The statements made by the defendant before he was taken into custody were, therefore, properly found admissible.

The defendant also complains that certain aspects of the court's charge to the jury were improper. We note that none of these objections is preserved for appellate review, since no objection or exception was raised at trial, nor did the defendant request any different or further instructions (CPL 470.05 [2]). Indeed, the defendant expressly declared himself "satisfied" with the court's charge *(cf., United States v Montiell,* 526 F2d 1008). In any event, we note that the charge, read in its entirety, conveyed to the jury the correct rules to be applied in arriving at its decision *(People v Rascio,* 136 AD2d 575, *lv denied* 71 NY2d 973). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.