■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR MUSTAFA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 1, 1990, convicting him of attempted criminal trespass in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and sentencing him to time served and directing payment of a mandatory surcharge and crime victim assistance fee. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying that branch of his omnibus motion which was to suppress statements he made to the police. The arresting officer observed the defendant outside a residence as he removed a piece of wood covering a window and attempted to open the window. He approached the defendant for the purpose of making an investigative inquiry, and asked the defendant if he lived there. The defendant was not subjected to custodial interrogation and *Miranda* warnings were not required prior to the inquiry *(see, People v Bennett,* 70 NY2d 891; *People v Morales,* 65 NY2d 997; *see also, People v Huffman,* 41 NY2d 29; *People v Stackhouse,* 160 AD2d 822; *People v Freeman,* 149 AD2d 727), and his response was properly admitted in evidence at the trial.

Similarly unavailing is the defendant's contention that the sentencing court erred in imposing a mandatory surcharge

and victim assistance fee. The imposition of a surcharge and a victim assistance fee is required by statute (see, Penal Law § 60.35 [1] [b]). While the surcharge may be waived upon a showing that its payment "would work an unreasonable hardship on the person convicted" (CPL 420.35 [2]; see, People v Mitchell, 116 AD2d 596), no proof was submitted to support the defense counsel's unsubstantiated assertion that his client lacked the funds required to pay the amount imposed (see, People v Williams, 131 AD2d 525). Additionally, the defendant was not entitled to a hearing on the issue of his purported indigence, since the defendant declined to appear for sentencing and thus was sentenced in absentia. Moreover, in view of the defendant's absence and the failure to offer any evidence regarding his financial status, such a hearing would have served no purpose. Finally, we note that the appropriate procedural vehicle for raising a claim of undue hardship is to move in the Supreme Court for resentencing (see, CPL 420.10 [5]; People v Rada, 160 AD2d 552; see also, People v Salamino, 134 AD2d 379). Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.