■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MELVIN, Appellant. [607 NYS2d 803] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion for a mistrial after a police witness, during cross-examination, inadvertently referred to defen-

dant's parole status. The court examined each juror individually and determined that the jurors remained impartial in spite of the reference to defendant's parole status (see, *People v Young,* 48 NY2d 995, 996; *People v Kirkland,* 177 AD2d 946, 947, *lv denied* 79 NY2d 859; *People v Nagi,* 153 AD2d 964, 965). Defendant's challenge to the court's charge on circumstantial evidence was not preserved for our review (see, CPL 470.05 [2]; *People v Freeman,* 149 AD2d 727, 728). In light of the overwhelming proof of defendant's guilt, any error in admitting testimony concerning the contents of a record not produced at trial was harmless (see, *People v Crimmins,* 36 NY2d 230, 242). Defendant was provided meaningful representation (see, *People v Baldi,* 54 NY2d 137).

Although defense counsel did not request a *Wade* hearing, defendant has failed "to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" to request such hearing, especially given the many neighborhood witnesses familiar with defendant (*People v Rivera,* 71 NY2d 705, 709; *see also, People v Simmons,* 184 AD2d 1062, *lv denied* 82 NY2d 726; *People v Brown,* 122 AD2d 546, *lv denied* 68 NY2d 810). The evidence is sufficient to support defendant's conviction and the verdict is not contrary to the weight of the evidence (see, *People v Bleakley,* 69 NY2d 490). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.