■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD L. MYERS, Appellant. [623 NYS2d 48] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The trial court erred by instructing the jury that "[r]easonable doubt must * * * be based entirely and absolutely upon some good, sound substantial reason" and that, if the jury was "reasonably certain as to the defendant's guilt", it was their duty to convict defendant *(see, People v Jackson,* 199 AD2d 1002, *lv denied* 83 NY2d 872; *see also, People v Grant,* 197 AD2d 910, *lv denied* 82 NY2d 895; *People v Freeman,* 193 AD2d 1117, *lv denied* 82 NY2d 718). We therefore reverse defendant's conviction and grant a new trial. Reversal is likewise required because the record establishes that defendant was not present for a *Sandoval* hearing and that the ruling of the court was not entirely favorable to him *(see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801; *People v Dokes,* 79 NY2d 656, 662). Subsequent recitation in defendant's presence of the gist of its *Sandoval* ruling by the court did not constitute a de novo hearing *(see, People v DiMartino,* 203 AD2d 934, *lv denied* 84 NY2d 825).

We address defendant's remaining arguments insofar as they may be relevant in the event of a retrial. The court erred in denying defendant's motion to strike testimony by a prose-

cution witness that revealed defendant's status as a parole violator. That testimony was irrelevant and extremely prejudicial *(see, People v Melvin,* 201 AD2d 907, *lv denied* 83 NY2d 1005; *People v Cole,* 186 AD2d 966, 967). We conclude that defendant's suppression motion was properly denied because the police had probable cause to arrest defendant. The court properly denied defendant's motion to suppress the in-court identification by Ronald Smith. Defendant argued that Smith's in-court identification was tainted by Smith's viewing of him at a parole revocation hearing. The parole revocation hearing was not a police-arranged identification procedure, and thus its suggestiveness does not implicate due process *(see, People v White,* 73 NY2d 468, 474, *cert denied* 493 US 859; *People v MacKay,* 98 AD2d 732; *People v Marshall,* 91 AD2d 643, 644). Because there was conflicting testimony whether Rufus Elmore was an accomplice, that issue was properly submitted to the jury as one of fact *(see, People v Sweet,* 78 NY2d 263, 266; *People v Lafferty,* 177 AD2d 1043, 1044, *lv denied* 79 NY2d 921). Nevertheless, the court erred in failing to instruct the jury to consider whether the witness was an accomplice pursuant to CPL 60.22 (2) (b). Finally, the court properly charged the jury that defendant could be convicted upon proof of his guilt as an accomplice, even though defendant was charged as a principal *(see, People v Hobbs,* 185 AD2d 619, 620, *lv denied* 80 NY2d 1027). (Appeal from Judgment of Onondaga County Court, Elliott, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.