■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOBERTSTEIN, Appellant. [636 NYS2d 696] —Judgment

unanimously reversed on the law and new trial granted. Memorandum: The trial of this indictment was delayed for several months while defendant was tried on two other indictments charging him with the commission of homicides. County Court properly determined that such delay was chargeable to the court, not the People, and that defendant was not denied his right to a speedy trial *(see,* CPL 30.30; *People v Knights,* 135 AD2d 907).

The jury verdict convicting defendant of filing a false instrument in the first degree (Penal Law § 175.35) is supported by legally sufficient evidence. There is no merit to defendant's contention that the People failed to lay a sufficient foundation for the admission of certain documents as business records *(see,* CPLR 4518 [a]; *People v Kennedy,* 68 NY2d 569; *see generally,* Prince, Richardson on Evidence § 8-306 [Farrell 11th ed]) or that the court erred in admitting prior testimony as an admission against interest.

The People concede, however, that the trial court followed its customary practice of conducting a *Sandoval* hearing in chambers in the absence of defendant. The court's subsequent on-the-record reiteration of the in-chambers contentions of the attorneys and recitation of its determination did not constitute a de novo hearing conducted in the presence of defendant *(see, People v Myers,* 212 AD2d 1032; *People v DiMartino,* 203 AD2d 934, *lv denied* 84 NY2d 825; *cf., People v Smith,* 186 AD2d 976, *affd* 82 NY2d 254, *rearg denied* 83 NY2d 801). Because defendant was not present at his *Sandoval* hearing and the court's ruling was not entirely in his favor, the judgment of conviction must be reversed *(see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801; *People v Dokes,* 79 NY2d 656). (Appeal from Judgment of Oneida County Court, Buckley, J.—Filing False Instrument, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.