██ The People of the State of New York, Respondent, v Monika Shelton, Appellant. [789 NYS2d 346]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 17, 2002. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, following a jury trial, of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant allegedly struck the 15-year-old victim with a tapered wooden stick, which was described by the victim as resembling a wooden leg of a chair. The victim and defendant both testified that there was an initial altercation in which the two exchanged punches. The victim testified that she then retreated to a bedroom in the apartment, whereupon defendant and another person entered the bedroom and defendant struck her with the wooden stick. Defendant testified that she left the apartment after the initial altercation. Another prosecution witness corroborated the victim's testimony. Defendant failed to preserve for our review her contention that she was denied a fair trial by questioning concerning her refusal to provide a statement to law enforcement authorities concerning the incident prior to the trial (*see People v Maschi*, 49 NY2d 784 [1980]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that she was

denied a fair trial based on the statement of the prosecutor on summation with respect to a missing witness. Defense counsel opened the door to that statement by referring to the absence of that witness, and the prosecutor on summation referred to the People's inability to call the witness. Thus, the prosecutor's statement on summation was "by way of explanation and [was] not an attempt to prejudice defendant" (*People v Knights*, 135 AD2d 907, 909 [1987]). Supreme Court properly denied defendant's request for a missing witness charge with respect to that witness. Although the court initially indicated that it would give the charge, it rescinded its ruling after defendant testified. According to the victim, the witness in question was present during the incident. Defendant testified, however, that the witness was not in the apartment at any time. Defendant thus failed to meet her burden of establishing, inter alia, that the witness would be expected to provide noncumulative testimony favorable to the party who did not call the witness (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]). Defendant failed to preserve for our review her contention that the jury charge and the court's response to the jury question concerning the elements of endangering the welfare of a child violated her due process rights (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.