THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TERRY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied a fair trial by the presence of two deputies seated behind him in the courtroom during readback of testimony and portions of the trial court's charge to the jury. When courtroom security measures are challenged as inherently prejudicial, the question arises whether the security measures presented a risk that the jury's deliberations were infected. We find no such risk of infection here (see, Holbrook v Flynn, 475 US 560, 570). The presence of deputies in the courtroom, without more, was not inherently prejudicial (see, People v Brown, 136 AD2d 1, 13, lv denied 72 NY2d 857, cert denied 488 US 897; Holbrook v Flynn, supra). Moreover, the record does not disclose, directly or by inference, that the jury's verdict was affected by the presence of the deputies.

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Sodomy, 1st Degree.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY GIRARD, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of sodomy in the first degree and endangering the welfare of a child, defendant contends that he was denied effective assistance of counsel and that the evidence was insufficient to sustain the conviction. The contentions are without merit. Defendant was provided meaningful representation (see, People v Baldi, 54 NY2d 137). The trial evidence was sufficient and the verdict is supported by the weight of evidence (see, People v Bleakley, 69 NY2d 490). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Sodomy, 1st Degree.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.