THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYMOND MITCHELL, Appellant.

Fourth Department, April 14, 1993

### APPEARANCES OF COUNSEL

*William R. Lewis,* Lockport *(Leonard Tilney* of counsel), for
appellant.

*Matthew J. Murphy, III, District Attorney* of Niagara County, Lockport *(Thomas Brandt* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

We are called upon to determine the preferred procedure to be used when a *Sandoval* hearing was conducted off the record and the record is silent concerning whether the defendant was present and what transpired at that hearing.

In *People v Dokes* (79 NY2d 656), the Court held that, except where a defendant's criminal history and the issues to be resolved render defendant's presence superfluous, it is a violation of defendant's right to be present at all material stages of trial for the court to conduct a *Sandoval* hearing in his absence. The Court additionally held that defendant's failure to object to that procedure is not fatal to his contention and that such contention may be raised for the first time on appeal *(People v Dokes, supra,* at 662). In each of the eight cases before us, the defendant asserts that he was deprived of his right to be present at an unrecorded *Sandoval* conference. Generally, the records in these cases contain a reference to the fact that there had been a hearing and resolution of *Sandoval* issues, presumably in chambers. However, precisely what transpired during those conferences, including whether defendant was present, either is not revealed by the record, or the record is ambiguous on that point. Thus, we are asked to decide the merits of defendants' *Dokes* contentions on records that do not provide an adequate basis for determining whether such contentions are meritorious.

The issue for immediate resolution is whether defendant has a remedy, either in anticipation of appeal (as in *People v Walker)* or during the pendency of appeal (as in the other seven cases before us), by which he may make a record of the *Sandoval* proceedings and thereby establish support for his *Dokes* contention. The People assert that defendant must bear the burden of an insufficient record by being foreclosed from pursuing a *Dokes* contention on direct appeal.

We conclude that the preferred procedure is to expand the record by conducting a hearing to reconstruct what transpired at the *Sandoval* conference, including whether defendant was present *(see, People v Odiat,* — AD2d —, 1993 NY Slip Op 1287 [1st Dept, Mar. 2, 1993]; *People v Rose,* 172 AD2d 230, *on appeal following remand* 175 AD2d 32, *affd* 80 NY2d 802; *cf.,*

*People v Armlin,* 37 NY2d 167, 173 [reconstruction of defendant's mental competency]; *People v Bey,* 144 AD2d 972, 973, *on appeal following remand* 167 AD2d 868, *lv denied* 77 NY2d 903 [same]; *People v James,* 132 AD2d 932, 933 [reconstruction of voir dire in light of defendant's *Batson* contention]).

There are several reasons for authorizing the remedy of reconstruction. First, timely challenges to the validity of a criminal conviction are best addressed on direct appeal. Second, the remedy of reconstruction accords with the spirit of *Dokes (supra)* and its progeny, all of which hold or imply that a *Dokes* contention is nonwaivable, need not be preserved, and may be raised for the first time on appeal *(People v Cruz,* 81 NY2d 738, 739; *People v Gebrosky,* 80 NY2d 995, 996; *People v Beasley,* 80 NY2d 981; *People v Rose,* 80 NY2d 802, 803, *supra; People v Alexander,* 80 NY2d 801, 802; *People v Dokes, supra).* A defendant's initial failure to request that a record be made of the *Sandoval* hearing is akin to a preservation failure, and thus should be disregarded when considering a *Dokes* contention. Third, the remedy of reconstruction was implicitly authorized in *People v Mitchell* (80 NY2d 519) in connection with the rule precluding a court from questioning potential jurors outside defendant's presence *(People v Mitchell, supra,* at 529). The Court implied that reconstruction pending appeal is an appropriate remedy where, as here, defendant seeks the benefit of a rule that is to be applied retroactively to all cases on direct appeal *(see, e.g., People v Alexander, supra).*

Finally, in determining that reconstruction is the preferred remedy, we conclude that a motion to settle or "correct" the record or transcript *(see,* CPLR 5525, 5526; 22 NYCRR 1000.5), such as that brought by defendant Walker, is inappropriate in these circumstances. Defendant is not asking the trial court to determine what proceedings and documents are properly part of the record, as is typically involved on a motion to settle the record, but rather to reconstruct unrecorded proceedings and thereby create, augment or clarify the record.

Accordingly, in the criminal appeals presently before us, *Mitchell, Nuhibian, Williams, Ballard, Howard, Vargas* and *Foster,* the case should be held, decision reserved and the matter remitted to the trial court for reconstruction of the *Sandoval* conference, including whether defendant was present. In *People v Walker,* which is not a direct appeal but defendant's appeal from denial of his motion to settle the record, the order should be reversed, defendant's motion to settle the record construed as one to reconstruct, and the

matter remitted for further proceedings in accordance with the foregoing.

CALLAHAN, J. P., PINE, LAWTON, BOOMER and DAVIS, JJ., concur.

Case held, decision reserved and matter remitted to Niagara County Court for further proceedings.