OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified and the case remitted to Supreme Court, Bronx County, for further proceedings in accordance with this memorandum and, as so modified, affirmed.
 

 Defendant was indicted,
 
 inter alla,
 
 on charges of robbery in the first and second degrees and assault in the first degree arising out of an alleged robbery of a Bronx grocery store proprietor. At a
 
 Sandoval
 
 hearing the prosecutor proposed to cross-examine defendant at trial on a prior felony conviction of attempted criminal sale of a controlled substance and two misdemeanor convictions for assault and criminal possession of a weapon, together with the underlying acts of the convictions. However, the prosecutor expressed some unfamiliarity with the actual facts of those cases. The record is ambiguous as to whether defendant was present during the hearing; there is no recital on the record that he was present, and at one point in the hearing the court asked: "[c]an you bring this fellow down when you get a chance?” The court ultimately determined that the People would be permitted to inquire whether defendant had been convicted of two unspecified misdemeanors and the felony attempted drug sale, but not about the underlying acts of that felony conviction.
 

 At trial, as part of his defense, defendant testified at length about his prior drug dealings. Claiming that he had been a cocaine seller for 10 years and that the victim had been his supplier on 20 or 25 occasions, defendant testified that it was
 
 *874
 
 the victim who had initially attacked him over an unpaid drug purchase and that he acted in self-defense. The jury acquitted defendant of the robbery counts, but convicted him of the assault.
 

 Defendant appealed claiming a deprivation of his right to be present during the
 
 Sandoval
 
 hearing
 
 (see, People v Dokes,
 
 79 NY2d 656). The Appellate Division affirmed (191 AD2d 183), holding that the case fell within the exception to the presence requirement enunciated in
 
 Dokes
 
 if the defendant’s presence would have been "superfluous”
 
 (People v Dokes, supra,
 
 at 662). It based this holding on the defendant’s lengthy trial testimony concerning his prior drug dealings and the trial court’s
 
 Sandoval
 
 ruling which provided for only limited use of defendant’s prior record. We now remit to Supreme Court for a reconstruction hearing to determine whether defendant was present during the
 
 Sandoval
 
 hearing.
 

 In
 
 People v Dokes,
 
 we held that "except in circumstances where the nature of the defendant’s criminal history and the issues to be resolved at the
 
 Sandoval
 
 hearing render the defendant’s presence superfluous, the hearing should not be conducted without the presence of the accused”
 
 (id.,
 
 at 662). We disagree with the Appellate Division that the superfluous presence exception set forth in
 
 Dokes
 
 is applicable here. Neither the prosecutor nor the defense attorney was fully able to apprise the
 
 Sandoval
 
 court of the underlying acts of defendant’s prior convictions, and the outcome of the
 
 Sandoval
 
 hearing was "not wholly favorable” to defendant
 
 (People v Favor, 82
 
 NY2d 254, 267). Thus, "the surrounding circumstances do not negate the possibility that defendant might have made a meaningful contribution to the colloquy”
 
 (id.,
 
 at 267).
 

 Nor, on this record, do we find defendant’s presence to have been "superfluous” based upon his testimony at trial concerning his drug transactions. First, the superfluousness inquiry under
 
 Dokes
 
 focuses on the nature of defendant’s record and the issues to be resolved at the
 
 Sandoval
 
 hearing
 
 (People v Dokes, supra,
 
 at 662). Second, such an analysis could not encompass defendant’s misdemeanor convictions, which were not consistent with the defense he presented at trial, and the Appellate Division’s holding that their admission must have been insignificant to the jury is a test of prejudice rather than superfluousness, a criterion we have recently declined to adopt in this context
 
 (see, People v Favor, supra,
 
 at 267).
 

 
 *875
 
 Upon remittal, if it is determined that defendant was not present during the
 
 Sandoval
 
 hearing, a new trial must be ordered; if it is determined that defendant was present, the judgment of conviction should be amended to reflect that result.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Smith and Levine concur; Judge Bellacosa concurs on constraint of
 
 People v Favor
 
 (82 NY2d 254, 268), noting his dissent in that case.
 

 Order modified and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.