■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL T. BROWN, Appellant. [608 NYS2d 926] —Order unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Following his conviction of criminal possession of a weapon in the third degree, and pending his appeal of that conviction to this Court, defendant moved for relief pursuant to *People v Mitchell* (189 AD2d 337; *see, People v Odiat,* 82 NY2d 872). Defendant sought reconstruction of the record to reflect the fact that he had not been present during an unrecorded *Sandoval* conference in chambers that immediately preceded a *Sandoval* proceeding that took place in court, on the record, in defendant's presence. Defendant did not request a hearing concerning whether he was present during the initial conference because it was undisputed that he was not present, and he did not request reconstruction of that conference because it was conceded that the recorded proceeding accurately reflected what had transpired during the unrecorded conference. In a brief decision, the court determined: "The record does reflect that the in-court *Sandoval* hearing was held on the record in the presence of the defendant wherein arguments were made by both counsel in the presence of the defendant and the court made its decision on the record * * * No further hearing is necessary."

It appears that the trial court denied defendant's reconstruction request based on its conclusion that a de novo *Sandoval* inquiry had been conducted in defendant's presence *(cf., People v Russell,* 191 AD2d 1001, *lv denied* 81 NY2d 1019; *People v Berger,* 188 AD2d 1073, 1074, *lv denied* 81 NY2d 881). The court should have followed our directive in *People v Mitchell (supra)* to reconstruct the record sufficiently to enable us to decide defendant's pending appeal, including his contention that his right to be present at all material stages of trial was violated when the initial *Sandoval* inquiry was conducted in his absence *(see, People v Odiat, supra; People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656). The trial court was not asked to pass on the merits of defendant's *Dokes* argument, but merely to reconstruct the record to the extent necessary to allow defendant to assert that argument on appeal and to allow this Court to decide it *(People v Mitchell, supra; see, People v Odiat, supra).* We thus modify the order by reconstructing the record to show that defendant was not present at the initial *Sandoval* conference in chambers *(cf.,*

*People v Odiat, supra).* As the trial court determined, there is no need for a hearing to reconstruct that conference because the parties and the court placed their recollection of that conference on the record immediately thereafter, and that account is not challenged. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Reconstruct Record.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.