█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOWARD, Appellant. [606 NYS2d 113] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We reserved decision in this matter *(see, People v Howard,* 189 AD2d 340) and remitted it to County Court for a reconstruction hearing *(see, People v Mitchell,* 189 AD2d 337; *see generally, People v Odiat,* 82 NY2d 872). We determined that the remedy of reconstruction was implicitly authorized by the Court of Appeals in *People v Mitchell* (80 NY2d 519) and directed the court upon remittitur to expand the record to reflect what transpired at the *Sandoval* conference and whether defendant was present.

On remittitur the People conceded that defendant was not present at the *Sandoval* conference. The only remaining questions were whether defendant was prejudiced by his absence from the conference and whether his presence would have been superfluous *(see, People v Odiat, supra; People v Dokes,* 79 NY2d 656). In *People v Favor* (82 NY2d 254), the Court of Appeals rejected a case-specific "prejudice" test to determine whether a defendant's presence at a conference was superfluous and held that such test was "inconsistent with [the]

rationale in *Dokes,* which stressed that prejudice is inherent when a defendant is deprived of the opportunity for meaningful participation at a 'material' stage of trial" *(People v Favor, supra,* at 267; *see, People v Odiat, supra).* In the companion case to *Favor,* the court held that a defendant's presence at a *Sandoval* conference would have been superfluous where the outcome of the conference was "wholly favorable" to the defendant *(People v Smith,* 82 NY2d 254, 268; *see, People v Odiat, supra).*

In light of the holdings in *Favor* and *Smith,* reversal is required. Defendant's presence would not have been superfluous because the court determined that defendant could be questioned on three prior convictions.

We have considered defendant's other arguments and conclude that they are without merit. (Resubmission of Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.