OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified and the case remitted to Supreme Court, Suffolk County, for further proceedings in accordance with this memorandum and, as so modified, affirmed.
 

 A pretrial in camera
 
 Sandoval
 
 hearing was held in the instant case for which there is no transcript in the record, at which the trial court determined that the People would be permitted to question defendant concerning a prior New York felony conviction, but not about the underlying facts of that conviction. At trial, shortly before defendant was to testify, the court reopened the
 
 Sandoval
 
 hearing and determined that the People would also be permitted to inquire of defendant regarding two recent New Jersey convictions as to which defendant had pleaded guilty but had not yet been sentenced, as well as the underlying facts of those convictions. Since it cannot be ascertained from the record whether defendant was present for either stage of the
 
 Sandoval
 
 hearing, and because the outcomes of both stages were "not wholly favorable” to defendant
 
 (People v Favor,
 
 82 NY2d 254, 267), the case must be remitted to Supreme Court for a reconstruction hearing to determine whether defendant was present during both stages of the hearing
 
 (People v Odiat,
 
 82 NY2d 872).
 

 As to defendant’s claim that the trial court’s
 
 Sandoval
 
 ruling, which permitted the People to question him regarding convictions for which he had not yet been sentenced, violated his Fifth Amendment privilege against self-incrimination, we find this issue unpreserved because of defendant’s failure to specify this constitutional objection
 
 (see, People v Pavao, 59
 
 NY2d 282, 292, n 3).
 

 Upon remittal, if it is determined that defendant was not present during either stage of the
 
 Sandoval
 
 hearing, a new trial must be ordered; if it is determined that he was present during both stages, the judgment of conviction should be amended to reflect that result.
 

 
 *908
 
 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur in memorandum; Judge Titone taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.