■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS HALL, Appellant. [608 NYS2d 589] —Judgment unanimously reversed on the law, new trial granted on counts two and three of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges under count one of indictment to another Grand Jury. Memorandum: A reconstruction hearing disclosed that defendant was not present in chambers during a *Sandoval* conference. Defendant's absence from that conference deprived defendant of his right to be present at all material stages of the proceedings against him *(see, People v Dokes,* 79 NY2d 656, 662; *see also, People v Cruz,* 81 NY2d 738; *People v Gebrosky,* 80 NY2d 995; *People v Foster,* 199 AD2d 1063). The fact that the trial court recited the gist of its *Sandoval* ruling in open court in defendant's presence does not ameliorate the error *(see, People v Favor,* 82 NY2d 254). Moreover, contrary to the People's contention, under the circumstances of this case, it cannot be said that defendant's presence would have been "superfluous" *(People v Odiat,* 82 NY2d 872, 874; *see, People v Favor, supra; People v Gebrosky, supra; People v Beasley,* 80 NY2d 981, *rearg denied* 81 NY2d 759; *People v Dokes, supra).* Therefore, reversal of defendant's conviction is required, even in the absence of a timely objection *(see, People v Dokes, supra,* at 662). A new trial is granted on counts two and three of the indictment. Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the first degree under count one of the indictment, that count is dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Grant,* 197 AD2d 910). (Appeal

from Judgment of Supreme Court, Monroe County, Sirkin, J. —Manslaughter, 1st Degree.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.