■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GARDNER, Appellant. [609 NYS2d 741] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Because we cannot conclude that defendant's presence at an in-chambers *Sandoval* hearing would have been superfluous, the denial of defendant's right to be present at that hearing mandates reversal (*see, People v Favor*, 82 NY2d 254; *People v Dokes*, 79 NY2d 656).

Although it is not necessary to consider the remaining issues raised by defendant, we observe that the trial court erred in admitting the victim's tape-recorded statement under the "early outcry" or "prompt complaint" exception to the hearsay rule. While a witness may testify that a prompt complaint was made, a statement that includes the details of the incident is inadmissible (*People v Rice*, 75 NY2d 929, 932; *People v Riggio*, 144 AD2d 951, *lv denied* 73 NY2d 981). The court also erred in admitting opinion evidence in this rape case concerning whether it was unusual for 50% of sperm to be motile. The foundation for that evidence was insufficient because it was based solely on proof that the witness had been a nurse for 25 years; there was no proof concerning the nature

of the witness' work experience. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Rape, 1st Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.