■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DAVIS, JR., Appellant. [610 NYS2d 112] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The court properly denied the motion to suppress evidence obtained as a result of the stop of the automobile in which defendant was a passenger. The vehicle was observed in the early morning hours less than a mile from the scene of the robbery and less than a minute after the arresting officer received the radio broadcast reporting the robbery. The car closely resembled the type of vehicle reportedly used in a nearly identical convenience store robbery two weeks earlier. The occupants of the automobile matched the general description of the robbers provided by the radio transmission. Under those circumstances, the officer was justified in stopping the vehicle based upon a reasonable suspicion that defendant and his companions had committed the robbery (see, People v Marley, 201 AD2d 925; People v Willsey, 198 AD2d 911; People v Baker, 188 AD2d 1012, lv denied 81 NY2d 967; People v Johnson, 102 AD2d 616, 623-624).

Reversal is required, however, because a reconstruction hearing disclosed that defendant was not present in chambers during a *Sandoval* conference. Defendant, therefore, was deprived of his right to be present at all material stages of the proceedings against him *(see, People v Dokes,* 79 NY2d 656, 662; *People v Hall,* 201 AD2d 891; *People v Krouth,* 201 AD2d 912). Contrary to the People's contention, defendant's presence at the *Sandoval* conference would not have been superfluous *(see, People v Odiat,* 82 NY2d 872; *People v Favor,* 82 NY2d 254). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.