■ The People of the State of New York, Respondent, v Betty Jane DiMartino, Appellant. [611 NYS2d 412] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: The record of the reconstruction hearing *(see, People v Mitchell,* 189 AD2d 337) reveals that defendant was not present in chambers at

the *Sandoval* conference. The record further reveals that the court ruled that the People could cross-examine defendant about two prior convictions if she testified. Reversal is required because defendant was not present at a material stage of the trial *(see, People v Dokes,* 79 NY2d 656, 662; *see also, People v Favor,* 82 NY2d 254; *People v Gebrosky,* 80 NY2d 995; *People v Hall,* 201 AD2d 891; *People v Dincher,* 201 AD2d 892). The trial court's recitation of the gist of its *Sandoval* ruling in open court in defendant's presence did not constitute a de novo hearing *(cf., People v Cole,* 202 AD2d 988; *People v Berger,* 188 AD2d 1073, *lv denied* 81 NY2d 881), and did not ameliorate the error *(see, People v Favor, supra; People v Hall, supra).* Furthermore, we cannot say that defendant's presence would have been "superfluous" *(People v Odiat,* 82 NY2d 872, 874; *see, People v Michalek,* 82 NY2d 906; *People v Favor, supra,* at 267; *People v Gardner,* 202 AD2d 956).

Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the first degree under the indictment that charged murder in the second degree, the indictment must be dismissed without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Hall, supra; People v Grant,* 197 AD2d 910). In view of our decision, we do not address defendant's remaining contention. (Appeal from Judgment of Monroe County Court, Egan, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.