■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MITCHELL, Appellant. [613 NYS2d 83] —Judgment unanimously reversed on the law and new trial granted. Memorandum: When this appeal was previously before our Court, we reserved decision and remitted the matter to Niagara County Court for a reconstruction hearing to determine what transpired at the *Sandoval* conference, including whether defendant was present *(People v Mitchell,* 189 AD2d 337). The record of the reconstruction hearing establishes that defendant was not present during the *Sandoval* conference conducted in the Judge's chambers, where the court ruled that the People could cross-examine defendant about a prior criminal conviction if he testified.

Defendant's absence from the *Sandoval* conference deprived defendant of his right to be present at all material stages of the proceedings against him *(see, People v Dokes,* 79 NY2d 656, 662; *see also, People v Cruz,* 81 NY2d 738; *People v Gebrosky,* 80 NY2d 995; *People v Hall,* 201 AD2d 891; *People v Dincher,* 201 AD2d 892). Moreover, because the court's in-chambers *Sandoval* ruling was not wholly favorable to defendant *(see, People v Michalek,* 82 NY2d 906, 907; *People v Favor,* 82 NY2d 254, 267), defendant's absence from that conference cannot be viewed as "superfluous" *(People v Odiat,* 82 NY2d 872, 874; *see, People v Favor, supra; People v Taylor,* 201 AD2d 905). (Resubmission of Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Callahan and Davis, JJ.