prejudice to the People to re-present any appropriate charges under count one to another Grand Jury. Memorandum: We reserved decision in this matter *(People v Johnson,* 206 AD2d 874) and remitted the matter to Supreme Court for a reconstruction hearing *(see, People v Mitchell,* 189 AD2d 337; *see generally, People v Odiat,* 82 NY2d 872). The evidence adduced at the reconstruction hearing established that defendant was not present during the *Sandoval* conference conducted in chambers. Because the court ruled that defendant could be cross-examined regarding two prior convictions, it cannot be said that defendant's presence at the *Sandoval* conference would have been superfluous *(see, People v Favor,* 82 NY2d 254, *rearg denied* 83 NY2d 801). Reversal is therefore required *(see, People v Dokes,* 79 NY2d 656). Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the first degree under count one of the indictment, that count must be dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). Finally, we have reviewed the remaining issues and conclude that they are without merit. (Resubmission of Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 1.) [624 NYS2d 992] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 2.) [624 NYS2d 992] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 3.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to

withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 4.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 5.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 6.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 7.) [624 NYS2d 994] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. DUQUIN, Appellant. [624 NYS2d 1012] —Judgment unanimously affirmed. Memorandum: By failing to controvert the allegations in the second felony offender statement filed by the People pursuant to CPL 400.21 at the time of sentencing, defendant failed to preserve for review his contention that he was improperly sentenced as a second felony offender *(see, People v Smith,* 73 NY2d 961; *People v Gessner,* 188 AD2d