■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. SMITH, Appellant. (Appeal No. 2.) [629 NYS2d 691] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Marks, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. TERRY, Appellant. [629 NYS2d 703] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We affirmed defendant's judgment of conviction on December 30, 1992 *(People v Terry,* 188 AD2d 1020). The Court of Appeals denied leave to appeal on April 15, 1993 *(People v Terry,* 81 NY2d 977). Thereafter, defendant moved for a writ of error coram nobis, contending that he was denied effective assistance of appellate counsel because counsel failed to raise a *Sandoval* issue on appeal that would have resulted in reversal. We concluded that that issue may have merit and, by order entered July 15, 1994, we granted the motion, vacated the December 30, 1992 order affirming defendant's conviction, and agreed to consider the appeal de novo *(People v Terry,* 206 AD2d 955).

Because the record does not establish whether defendant

was present at the *Sandoval* conference, we reserve decision and remit the matter to Supreme Court for a reconstruction hearing to determine whether defendant was present *(see, People v Michalek,* 82 NY2d 906; *People v Odiat,* 82 NY2d 872; *People v Indivero,* 202 AD2d 989; *People v Mitchell,* 189 AD2d 337).

We have reexamined defendant's contentions raised in the prior appeal and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.