Bellacosa, J.
(dissenting). Because I would affirm the order of the Appellate Division upholding the judgment of conviction after a jury trial, I respectfully dissent. I completely agree with Judge Levine’s dissenting expression that defendant’s Dokes right was not violated in this case, and that the whole of the trial court’s actions comported with existing statutory and precedential prerequisites (see, CPL 260.20; People v Favor, 82 NY2d 254; People v Dokes, 79 NY2d 656). I dissent separately, however, to identify some additional theoretical and precedential divergence from the majority, as well as to provide some practical observations relating to future practice, so that the Bench and Bar may avoid the appellate imposition of the reconstruction remedy.
Defendant claims that he was excluded from "a preliminary informal Sandoval conference” held before trial. He asks the appellate courts to infer absence at that conference solely from the colloquy at the subsequent Sandoval hearing and determination — at which he and his lawyer were present and raised no complaint or claim about the earlier phase. On that basis, he seeks an automatic reversal of his conviction and a new trial. The majority accepts appellant’s new and expanded theory to the extent of granting partial, conditional relief. It reverses and remits for a reconstruction hearing to determine whether he was present at the initial discussion, on the assumption that his absence at that phase constitutes a Dokes violation.
A fair reading of the complete transcript reasonably demonstrates that whatever discussions might have taken place preliminarily, the Trial Judge had not yet formally decided the Sandoval matter. The defendant and his lawyer were ultimately given a plenary opportunity at an effective time to contribute to the Sandoval proceeding and ruling. Remittal for reconstruction of what happened at the initial informal conference on this record is, therefore, legally superfluous.
Stare decisis dictates — and there is no longer room for disagreement — that when a trial court merely recites in defendant’s presence the "gist of its [prior] Sandoval decision,” the right to presence under CPL 260.20 has already been violated *1034 on a per se basis (People v Favor, 82 NY2d, at 267, supra). This Court’s overriding concern in this area remains whether the Sandoval ruling was a foregone conclusion by the time defendant was present, rendering subsequent presence a vain gesture, or whether the trial court had only begun the process of formulating its consideration with an eventual full and fair opportunity for the defendant’s personal participation.
The trial court did everything possible to provide what was essentially a first instance, formal consideration with everyone present, expressly so that the Dokes-Sandoval presence protocol could be satisfied. To nullify the trial court effort undertaken at a still meaningful stage in these proceedings to comply with this Court’s rigorous mandates, albeit by statutory construction, does not accord the trial court or the totality of the record the regularity they deserve. This remittal, thus, complicates and adds to the procedural maze and compels the parties to reconstruct an essentially meaningless ingredient.
In my view, the majority fails to sufficiently factor in that (1) the record declares the initial colloquy to be a "preliminary informal Sandoval conference” (emphasis added); (2) the prosecutor argued that "the People would be asking” to question defendant about a prior burglary conviction and 10 out of 30 misdemeanor convictions, and added, "I would request the Court to allow me to question him on those facts” (emphasis added); and (3) the trial court used the future tense in telling defense counsel, "[Tjhat’s going to be my ruling.” Only later, with defendant present and able to object and contribute, and after hearing counsel, did the court render its formal ruling: "the court: The people will be allowed to elicit, should the defendant take the stand,” the defendant’s burglary conviction and two misdemeanor convictions.
I disagree with the majority’s characterization that, at the final rung on the appellate review ladder, all this case stands for is that reasonable minds may disagree concerning the im terpretation of such plain pretrial proceedings. Greater deference is owed to the distributive allocation of the ascending yet complementary roles in the judicial process in connection with the legal, precedential and practical consequences aplenty flowing from this newest Dokes-Odiat permutation (see, People v Odiat, 82 NY2d 872).
Today’s rationale and remittal, in my view, compound the procedural consequences flowing from precedents under which the Court has directed the reconstruction remedy to determine whether a defendant was present at an earlier phase of a San *1035 doval hearing (.People v Michalek, 82 NY2d 906; People v Odiat, 82 NY2d 872, supra). The extension of what I had always thought, based on weighty utilitarian and jurisprudential factors, was a rarely desirable remedy of last resort — long-delayed reconstruction proceedings — is significant and problematic.
Moreover, in both Michalek and Odiat, the record was unclear as to the defendants’ presence in circumstances where actual Sandoval rulings were previously rendered by the trial courts with respect to the prior acts subject to the People’s inquiry should defendants choose to testify. Thus, after the hearing in Odiat, "[t]he court ultimately determined that the People would be permitted to inquire” about several prior crimes (People v Odiat, supra, at 873 [emphasis added]). Defendant’s presence at the hearing may have been impossible to ascertain without a reconstruction hearing, but the ruling plainly demonstrated that what was key to the rationale was that a functionally dispositive proceeding, to which the right-to-presence attached, had transpired earlier. That is the critical difference of this case from Odiat and, thus, demonstrates the remedial expansion in this case of Odiat’s precedential reach.
Likewise, in Michalek, two actual Sandoval hearings were held, one pretrial and one shortly before the defendant’s scheduled testimony at the trial. After the first hearing, the court "determined that the People would be permitted to question defendant concerning a prior New York felony conviction” (People v Michalek, supra, at 907 [emphasis added]). After the second hearing, the court "determined that the People would also be permitted to inquire of defendant regarding two recent New Jersey convictions” {id., at 907 [emphasis added]). That the colloquies at issue were actual hearings and discrete determinations was beyond dispute; again, the only ambiguity was in ascertaining the presence of the defendant in that discrete context. These are not mere semantical or interpretive quibbles, but matters of substantive difference, precedential demarcation, and differentiating remedial consequences.
Here, the Trial Judge did not "determine” the matter at the "preliminary informal Sandoval conference.” Rather, the record is unequivocal that the subsequent, formal consideration was the actual Sandoval proceeding and determination. Defendant and his lawyer were unquestionably present at the Sandoval hearing in this case and had a full opportunity for input and participation as part of the trial court’s de nova consideration and its actual resolution. Because the hearing at which defendant was undeniably present produced not merely a reci *1036 tation of the "gist” of a previous decision or a foregone conclusion, a reconstruction hearing as to defendant’s presence on the earlier occasion is not required by existing precedents or principles, and is superfluous. Put differently, even if defendant’s absence from the first informal conference is conceded, reversal and remittal are not necessary here.
This remittal and reconstruction directive additionally overlooks the clear directive of People v Kinchen (60 NY2d 772). There, the claim on appeal was based on the defendant’s right to counsel, which, like the Dokes claim at issue here, does not have to be preserved in the traditional manner. The Court nevertheless affirmed the conviction, reasoning that the lack of a preservation requirement did not "dispense with the need for a factual record sufficient to permit appellate review” (People v Kinchen, supra, at 774; see also, People v Charleston, 54 NY2d 622, 623; People v De Mauro, 48 NY2d 892, 893). Kinchen is still operative, apt and persuasive and ought to produce an a fortiori affirmance in yet another of these Sandoval pretrial collateral disputes about presence.
I emphasize that the Kinchen requirement is not some side or back door substitute for traditional preservation principles generally needed and customarily operative at the trial level, but which regrettably do not apply in these Sandoval presence cases (People v Favor, 82 NY2d 254, supra; People v Dokes, 79 NY2d 656, supra). Instead, Kinchen represents a straightforward, distinctive responsibility for litigants to provide appellate courts with a proper record on which to base their decisions. Importantly, it does not contemplate multiple opportunities and reconstructions. Kinchen’s key contribution to procedural regularity is lost when appellate proceedings become functional interludes to allow convicted defendants to unravel and then remake records that should and could have been attended to in the first round at the trial court level. The inevitable consequence of this ruling will add inordinate and unnecessary delay to the final adjudication of this and many other criminal proceedings.
Finally, the fact that preliminary, off-the-record conferences automatically qualify as formal, binding, Sandoval proceedings and rulings with per se remedial consequences, necessitating defendant’s presence absent a waiver, is yet another unfortunate development affecting this entire field of pretrial proceedings (see, People v Favor, 82 NY2d 254, 272, supra [Bellacosa, J., dissenting]). Informal explorations, and even false starts, ought not cast arguably procedurally flawed preliminary steps *1037 into irretrievably set stone. The ruling today takes the Trial Judge, who tried to follow this Court’s Dokes dictates, to task and forces the trial court to conduct a superfluous, retrospective exercise. Useful preliminary explorations with counsel should not carry such untoward consequences, for they then will correspondingly suffer the counterintuitive disincentive against being undertaken in the first place. This practical boomerang is beyond any realistic purpose of Dokes, Favor, Odiat, Michalek or CPL 260.20.
To ward off some of these problems in the future, Trial Judges who are still willing to risk discussing any aspect of a Sandoval nature informally and preliminarily with counsel should also make certain to place express disclaimers on the record, for example, (1) that no Sandoval decision will be rendered, and (2) that the defendant will be produced for a plenary, de nova Sandoval hearing and determination down the road. In the alternative, trial courts should demand explicit waivers at every step and twist of the pretrial and trial proceedings. By such measures, busy Trial Judges might thus insulate their efforts and actions against unnecessary repetition and untoward prolongation of criminal proceedings.