Levine, J.
(dissenting). I respectfully dissent.
The record in this case indicates that "a preliminary informal Sandoval conference” was held off the record prior to a formal on-the-record hearing at which Sandoval issues were determined. We are unable to discern from the record in this case whether defendant was present at the preliminary informal Sandoval conference. Defendant argues that his right to be present at the Sandoval hearing was violated by his alleged absence from the preliminary conference. The majority agrees, holding that defendant’s right to be present was violated if indeed he was not personally present at the preliminary conference, and the majority has thus ordered a reconstruction hearing to determine whether or not defendant was present at the preliminary conference. The record does not support the majority’s conclusion. Rather, the record shows that defendant was furnished with a full and fair opportunity to give meaningful input into the Sandoval process and determination at the actual Sandoval hearing. Thus, the alleged absence of defendant at the preliminary discussion, at which his lawyer was present, is irrelevant in this circumstance and we need not remit for a reconstruction hearing to determine whether defendant was present at the first informal conference.
*1038 As we have repeatedly held, a criminal defendant has the right to be personally present at Sandoval hearings (see, People v Favor, 82 NY2d 254; People v Michalek, 82 NY2d 906) because defendant’s presence at those proceedings is substantially and materially related to the ability to defend. At a Sandoval hearing, the ability of the defendant to participate is manifest because the determination is based on facts surrounding the defendant’s past bad acts about which defendant has unique knowledge (People v Pokes, 79 NY2d 656, 660-662). Thus a court’s recitation of the "gist” of a Sandoval decision made in defendant’s absence will "not ameliorate the error, since [the] recitation [does] not furnish defendant with the opportunity for meaningful participation to which he was entitled” (People v Favor, supra, at 267). However, a defendant’s absence from a Sandoval hearing does not deprive him or her of the opportunity to give meaningful input into a Sandoval determination when the court essentially and functionally conducts a de nova hearing on the same matter at which defendant is present and at which he and his lawyer have a full and fair opportunity to participate (see, People v Feliciano, 88 NY2d 18, 27 [decided today]; People v Favor, supra, at 268).
The parts of the record relied upon by the majority could support the position that what happened here was "[a] mere repetition or recitation in the defendant’s presence of what ha[d] already been determined in his absence” (majority mem, at 1031). However, when read in its entirety, the record in this case demonstrates that defendant was in fact afforded a full and fair opportunity to meaningfully participate in the Sandoval determination at the later proceeding:
"ms. hart [prosecutor]: Judge, we also had a preliminary informal Sandoval earlier today.
"If the defendant were inclined to testify, here, the People would be asking as we stated at the bench, to get in the 1986 felony conviction for Burglary in the Second Degree. The defendant also has approximately thirty misdemeanors and it was unclear as to what the Court had determined that he could be asked regarding that misdemeanor history.
* * *
"He also has had felony parole revoked two times *1039 according to the RAP sheet and I believe that would be fair questioning since that’s a prior bad act. He’s also resentenced to a misdemeanor case which he had failed to do community service on. He also has an extensive bench warrant history, and I believe these factors, especially the patrol [sic] revocations, twice, are indications again of this defendant’s intent to put his own interest above those of society and they are also recent in time and I would request the Court to allow me to question him on those facts.
"the court: Mr. O’Rourke?
"mr. o’rourke [defense counsel]: Judge, I thought we agreed that she could delve into the questioning of Burglary in the First Degree and two misdemeanors, and—
"the court: That’s going to be my ruling.
"[defense counsel]: Okay. That’s fine.
"the court: The people will be allowed to elicit, should the defendant take the stand, the date of the conviction for the burglary charge, as well as the fact that it was a burglary conviction.
"[prosecutor]: A felony conviction?
"the court: What is the degree?
"[prosecutor]: Burglary in the Second Degree.
"the court: All right, Burglary in the Second Degree. I will also allow the People to elicit the fact that the defendant was convicted of two * * * misdemeanors, the two most recent misdemeanors with the date of the conviction without going into the nature or charges of those underlying facts.
"[prosecutor]: And nothing on the parole revocation?
"the court: No.” (Emphasis supplied.)
This complete transcript makes clear that whatever preliminary discussions had taken place earlier, the court had not yet definitively considered or conclusively decided any of the Sandoval issues until the time of the formal hearing. Thus, the *1040 prosecutor requested that she be allowed ("the People would be asking * * *. I would request”) to question defendant on a long history of prior felony and misdemeanor convictions, as well as other prior bad acts, and argued in support of her position. Defense counsel was then offered the opportunity to respond fully to the prosecutor’s request. He did so urging a far more restricted scope of cross-examination, and the court agreed. Until the Judge made the Sandoval ruling itself later in the colloquy, defendant was free to "point out errors in the DCJS report, to controvert assertions by the prosecutor with respect to uncharged acts and to provide counsel with details about the underlying facts of both charged and uncharged acts” (People v Dokes, 79 NY2d 656, 661, supra). In other words— unlike in People v Favor (supra), People v Odiat (82 NY2d 872) and People v Michalek (82 NY2d 906, supra) in which the Sandoval determinations were finally determined in the absence (or alleged absence) of the respective defendants — defendant here had the opportunity to fully participate in the Sandoval determination at the essentially de nova hearing held in his presence. Defendant’s decision not to further participate did not demonstrate his lack of opportunity to do so.
The majority apparently does not disagree that the test is whether a defendant was present at a hearing in which he or she had the opportunity for meaningful input before the court made its final Sandoval ruling (see, People v Favor, supra; see also, People v Michalek, supra; People v Odiat, 82 NY2d 872, supra). The majority claims that such an opportunity was not had here because "the facts surrounding defendant’s extensive felony and misdemeanor history were not discussed at [the formal hearing when defendant was present].” (Majority mem, at 1031.) However, the record at the hearing when defendant was present reflects that his entire criminal history was reviewed, that is, his "1986 felony conviction for Burglary in the Second Degree [plus] approximately thirty misdemeanors [plus his] felony parole revocation] [plus] extensive bench warrant history”. The record conclusively shows that, in defendant’s presence, his attorney was invited to respond to that entire criminal history which the prosecution requested permission to use in cross-examination ("the court: Mr. O’Rourke?”).
As defendant was given a full and fair opportunity to participate in the formal, on-the-record Sandoval hearing, at which the actual Sandoval determinations were made by the Trial Judge, defendant was afforded everything to which he was entitled by the statutory grant of a right to be present. Accordingly, I would affirm the order of the Appellate Division.
*1041 Chief Judge Kaye and Judges Simons, Titone, Smith and Ciparick concur; Judges Bellacosa and Levine dissent and vote to affirm in separate opinions.
Order modified by remitting to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.