■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSS, Appellant. [661 NYS2d 995] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered September 12, 1994, convicting him of murder in the second degree (three counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated August 26, 1996, the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the defense counsel consented to certain parenthetical phrases in the verdict sheet (*see, People v Ross,* 230 AD2d 924). The Supreme Court, Kings County (Steinhardt, J.), has filed its report.

Ordered that the judgment is affirmed.

Initially, we find no merit to the defendant's argument, raised in his supplemental brief, that it was error to remit this matter for a reconstruction hearing to determine whether the defense counsel consented to the use of certain parenthetical phrases in the verdict sheet. The hearing was necessary under the circumstances of this case (*see, e.g., People v Odiat,* 82 NY2d 872), and contrary to the defendant's contentions, nothing in the decisions of the Court of Appeals in *People v Maher* (89 NY2d 318) or *People v Damiano* (87 NY2d 477) indicates that such a hearing was improper.

The evidence at the reconstruction hearing supports the

Supreme Court's finding that the defense counsel consented to the submission of the annotated verdict sheet (*cf., People v Damiano, supra*). We note that *People v Damiano* was effectively overruled in part by the recent amendment to CPL 310.20, which applies to trials commencing on or after October 4, 1996 (L 1996, ch 630, § 3), and that the amendment is not applicable to this case.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.