■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYON K. RUSS, Appellant. [751 NYS2d 920] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered April 3, 2001, convicting defendant after a jury trial of, inter alia, burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of crimes arising from a "home invasion" robbery. We reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of burglary in the first degree (Penal Law § 140.30 [4]) under the third count of the indictment and robbery in the first degree (§ 160.15 [4]) under the sixth count of the indictment (*see People v Gray,* 86 NY2d 10, 19). The challenge of defendant to the sufficiency of the evidence supporting the first and fourth counts was rendered moot by his acquittal

of those counts. We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct (*see People v Chavez-Flores,* 259 AD2d 984, *lv denied* 94 NY2d 821). County Court's denial of defendant's motion for a severance did not deprive defendant of a fair trial (*see People v Green,* 225 AD2d 1077, *lv denied* 88 NY2d 879), nor was defendant deprived of a fair trial as the result of a juror's brief and inadvertent view of defendant in handcuffs (*see People v Harper,* 47 NY2d 857, 858). Because the judgment of conviction is based upon legally sufficient trial evidence, appellate review of the legal sufficiency of the evidence presented to the grand jury is barred (*see People v Bastian,* 294 AD2d 882, 883, *lv denied* 98 NY2d 694). The court properly denied defendant's motion to suppress evidence obtained by the police as the result of a stop of the vehicle that defendant was driving. The police officer was justified in stopping the vehicle based upon a reasonable suspicion that defendant and his companions had attempted to commit an unrelated convenience store robbery on the night of the home invasion (*see People v Davis,* 202 AD2d 989, 989). The sentence is not unduly harsh or severe. We have examined the remaining contentions in defendant's pro se supplemental brief and conclude that none requires reversal. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.