[764 NYS2d 104]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MORALES, Appellant.

Second Department, September 8, 2003

APPEARANCES OF COUNSEL

*Laura R. Johnson,* New York City (*Joseph D. Jean, Meredith Schaum* and *David Crow* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Leonard Joblove* and *Cynthia Kean* of counsel), for respondent.

## OPINION OF THE COURT

RITTER, J.

The defendant was convicted of burglary in the second degree and related offenses. On appeal, he argues that reversal is mandated under *People v Sandoval* (34 NY2d 371 [1974]) and its progeny (*see e.g. People v Dokes,* 79 NY2d 656 [1992]) because he was denied his right to be present during that portion of a purported *Sandoval* hearing at which the admissibility of alias evidence was approved by the court. We disagree and vote to affirm.

Prior to jury selection, the court issued its *Sandoval* ruling. The record reflects that the court began the *Sandoval* hearing by requesting the defendant's so-called "rap sheet" in the presence of counsel and the defendant. After examining the rap sheet, the court adopted a *Sandoval* compromise and held that the People could impeach the defendant's credibility by questioning him about all prior adult convictions, without going into the underlying facts. After some discussion, it was agreed that there were three felony and five misdemeanor convictions available for impeachment purposes. The defendant's lengthy rap sheet also indicated his prior use of two aliases—Jose Rivera and Angel Maldonado—although no mention of alias evidence was discussed on the record at the *Sandoval* hearing. Several days later, the subject of aliases was raised by defense counsel during the following exchange:

"[DEFENSE COUNSEL]: Judge * * * I believe yesterday the People did the *Sandoval*—or Thursday, that was not put on the record with respect to my client's aliases, but my client was not present when that happened and I think that—

"THE COURT: I allowed the prosecution to bring it in.

"DEFENSE COUNSEL: Yes, Judge, but my client was not present. I explained to him, but I think it should be on the record, he understands that the prosecutor has different names in the past, he may cross-examine him about those names. And, I think that defense is entitled to know what names. You don't have to do it now but before—

"THE PROSECUTOR: Objection.

"THE COURT: Does that take care of everything?

"(No response)."

Just prior to the commencement of trial, the People sought a ruling as to whether they could introduce evidence concerning the thoroughness of the investigation which identified a fingerprint lifted from a crime scene as that of the defendant. Such evidence would necessarily reveal the defendant's past criminal history because the technician who made the positive comparison used prints taken as the result of an arrest where the defendant used an alias. The court, noting that the defendant had already indicated his intention to testify on his own behalf and acknowledge a criminal history, and that he had already informed the jury panel of his criminal history during voir dire, permitted the People to introduce any evidence "appropriate to show the thoroughness of the investigation procedure."

The jury was then brought in and the trial commenced. During the People's direct case, testimony concerning the fingerprint investigation, which revealed prior arrests and the use of aliases, was admitted without objection. After the People rested, the defendant testified on his own behalf and admitted to his eight prior adult convictions. Upon cross-examination, he was questioned, without objection, concerning his use of the aliases Jose Rivera and Angel Maldonado during several of the prior arrests. The arrests correlated to convictions that were included within the eight adult convictions admitted by the defendant during his direct testimony.

In general, a defendant has the constitutional right to be present at all "core" proceedings of a trial (*People v Sprowal*, 84 NY2d 113, 117 [1994]). A defendant also has a broader statutory right to be personally present during trial, which includes not only "core" proceedings, but also any ancillary proceedings that are a "material stage" of the trial, i.e.,

proceedings in which a defendant's presence could have "a substantial effect on [his or her] ability to defend against the charges" (*People v Roman,* 88 NY2d 18, 25, 26 [1996]; *People v Sloan,* 79 NY2d 386, 392 [1992]; *see also People v Sprowal, supra* at 117; *People v Morales,* 80 NY2d 450 [1992]; CPL 260.20). "In determining whether a defendant has a right to be present during a particular proceeding, a key factor is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Dokes, supra* at 660). The Court of Appeals has held that a defendant has the statutory right to be present during the *Sandoval* hearing (*see People v Sprowal, supra* at 117; *People v Dokes, supra* at 660). The purpose of a *Sandoval* hearing is to provide the defendant with an advance ruling on whether the People will be permitted to cross-examine him or her about particular criminal (charged or uncharged), vicious, or immoral conduct for the purpose of impeaching credibility should he or she testify at trial (*see People v Sandoval,* 34 NY2d 371 [1974], *supra* [although described as a hearing, a *Sandoval* hearing is generally little more than a brief colloquy between the court and counsel]). The defendant's absence during the *Sandoval* hearing, unless his or her presence was validly waived or would have been "superfluous," mandates reversal and a new trial, even in the absence of a timely objection (*see People v Michalek,* 82 NY2d 906 [1994]; *People v Dokes, supra*). A defendant's presence is superfluous when the court's *Sandoval* ruling is "wholly favorable" to the defendant (*People v Michalek, supra* at 907; *see People v Favor,* 82 NY2d 254, 267 [1993]; *People v Odiat,* 82 NY2d 872 [1993]). Here, the defendant relies on this line of cases in support of his argument for reversal. However, his argument is without merit.

### *Impeachment with Alias Evidence*

■ Initially, we note, although clearly advisable, neither the Court of Appeals nor this Court has ever expressly held that the admissibility of alias evidence for impeachment must be addressed at a *Sandoval* hearing at which the defendant is present and that the failure to do so constitutes per se reversible error (*see People v Walker,* 83 NY2d 455 [1994]; *People v Brazeau,* 304 AD2d 254 [2003] [holding that it is not error]; *People v Rodriguez,* 268 AD2d 446 [2000]). Moreover, even applying a *Sandoval* analysis to the admission of the alias evidence used for impeachment here, reversal is not warranted.

The defendant was present during the *Sandoval* hearing at which his rap sheet setting forth the aliases used for impeachment was scrutinized, and the Supreme Court rendered its *Sandoval* ruling which permitted questioning concerning all of the defendant's prior adult criminal convictions. Because the aliases used for impeachment correlated to and were inextricably intertwined with such convictions, cross-examination concerning the same was implicit in the court's *Sandoval* ruling. Thus, the defendant was afforded an opportunity for meaningful participation in the proceeding at which the court determined the admissibility of the prior crime evidence used for impeachment (*see People v Dokes, supra* at 660). Had there been an error concerning the aliases, the time to speak was during the *Sandoval* hearing. The defendant failed to do so. We note that the defendant did not and does not deny the accuracy of the aliases used for impeachment. In fact, as to the alias Jose Rivera, the defendant candidly admitted at trial that it was the name of his cousin, and that he had used the name in an effort to "get slick" and "beat the system." Consequently, it would elevate form over substance to order a new trial merely because the court failed to expressly address the use of alias evidence for impeachment.

### *Fingerprint Evidence*

The alias evidence related to the fingerprint lifted at the crime scene was not offered to impeach the defendant's credibility. Rather, the evidence was offered to establish the thoroughness of the investigation which led to the identification of a fingerprint as that of the defendant. Thus, the testimony was offered to establish the defendant's guilt of the crimes charged and does not implicate a *Sandoval* analysis. Indeed, the Court of Appeals has expressly recognized that the admission of alias evidence does not necessarily implicate a *Sandoval* analysis (*see People v Walker,* 83 NY2d 455 [1994], *supra; People v Sandoval, supra* at 373 n 1). Otherwise, the defendant did not seek to exclude or limit such evidence at trial, and did not object to the admission of the same during the People's case-in-chief. Nor does the defendant argue any other basis for finding error in the admission of the evidence on appeal.

The defendant's remaining contentions lack merit. Accordingly, the judgment is affirmed.

PRUDENTI, P.J., FEUERSTEIN and ADAMS, JJ., concur.

Ordered that the judgment is affirmed.