People v Anderson (2024 NY Slip Op 04042)

People v Anderson

2024 NY Slip Op 04042

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

554 KA 19-00542

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY ANDERSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, BANASIAK LAW OFFICE, PLLC (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 25, 2019. The appeal was held by this Court by order entered June 30, 2023, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (217 AD3d 1560 [4th Dept 2023]). The proceedings were held and completed (Douglas A. Randall, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [a]). We previously held this case, reserved decision, and remitted the matter to County Court for a reconstruction hearing on whether defendant was present during the Sandoval conference (People v Anderson, 217 AD3d 1560 [4th Dept 2023]). Upon remittal, the court held a reconstruction hearing and determined that the Sandoval proceedings had been held outside of defendant's presence.
Where a defendant is denied the right to be present during a Sandoval hearing, reversal of defendant's conviction is required (see People v Dokes, 79 NY2d 656, 658 [1992]; see also CPL 260.20), unless "defendant's presence at the hearing would have been superfluous" (People v Cooper, 159 AD3d 1446, 1447 [4th Dept 2018] [internal quotation marks omitted]; see generally People v Odiat, 82 NY2d 872, 874 [1993]). Here, it cannot be said that defendant's presence at the hearing would have been superfluous because the court's ruling was a compromise and thus, it was not "wholly favorable to defendant" (Cooper, 159 AD3d at 1447).
Defendant additionally contends that the conviction of course of sexual conduct against a child in the first degree is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction of course of sexual conduct against a child in the first degree is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court