OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant correctly points out that a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial (People v Samuels, 49 NY2d 218, 221; People v Ermo, 47 NY2d 863, 865). This does not, *774 however, dispense with the need for a factual record sufficient to permit appellate review (People v Charleston, 54 NY2d 622, 623; People v De Mauro, 48 NY2d 892, 893). Defendant’s argument that an outstanding bench warrant should be treated as a pending unrelated charge within the meaning of our holdings in People v Bartolomeo (53 NY2d 225) and People v Smith (54 NY2d 954) is not properly presented for our consideration, inasmuch as there is no proof in the record that the police had knowledge of the bench warrant’s issuance prior to taking defendant’s statement, or that they were otherwise chargeable with notice of any other pending criminal action; nor is there proof that defendant was represented by counsel in connection with the warrant or any pending charge (cf. People v Baldi, 54 NY2d 137 [further proceedings were required to resolve factual issues raised by right to counsel claim, where the record made clear that defendant had informed the police of a pending criminal charge prior to interrogation and it was undisputed that defendant had retained counsel in connection with that charge]).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed in a memorandum.