■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO JIMINEZ, Appellant. [642 NYS2d 16] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered April 22, 1993, convicting defendant, after a jury trial, of burglary in the first degree and two counts of robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of $8^{1}/_{2}$ to 17 years, unanimously affirmed.

Defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of that evidence (*People v Bleakley*, 69 NY2d 490, 495). Submission of lesser included offenses on the theory that defendant might not have displayed a gun was properly denied since there was no rational basis to reject the consistent testimony of the victims that a gun had been displayed while otherwise crediting their testimony (CPL 300.50; *People v Glover*, 57 NY2d 61). Review of defendant's claim that the jury at the first trial, by acquitting him of a charge of impersonating an officer, precluded any evidentiary use of such a fact at the second trial, is precluded by a record that is ambiguous as to what the first jury actually determined (*see, People v Goodman*, 69 NY2d 32, 40-41; *People v Kinchen*, 60 NY2d 772). Concerning the suppression issue, the police officer had reasonable suspicion that defendant had committed a crime when he was directed to the fleeing defendant by a crowd, some of whom were in pursuit, and defendant, upon seeing the officer and being asked to stop, only accelerated his flight (*see, People v Hammonds*, 215 AD2d 166, *lv denied* 86 NY2d 795). The packet of cash in defendant's rear pants pocket, which was uncovered only during a protective pat down and then immediately returned to the pocket, was not seized until after the identification that provided probable cause (*supra*). Defendant's remaining contentions are unpreserved and without merit. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.