■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JHAMEL CLARK, Appellant. [728 NYS2d 528] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 15, 1999, upon a verdict convicting defendant of two counts of the crime of assault in the first degree.

Following a jury trial, defendant was convicted of two counts of assault in the first degree for his participation, while incarcerated, in an incident on September 12, 1997 in which Samuel Robinson, another inmate, was slashed in the face with a razor blade by a third inmate, Allen Johnson, at the Albany County Jail. Johnson was jointly tried with defendant and was also convicted of, *inter alia*, these charges. Sentenced

as a second felony offender to two concurrent prison terms of 23 years, defendant appeals claiming that the evidence of his participation in the attack was legally insufficient and the verdict was contrary to the weight of the evidence. We affirm.

A review of the eyewitness accounts of this morning-time prison assault reflects that defendant's contentions are unpersuasive. The correction officer supervising the seven inmates recreating in the courtyard at the time of the incident testified that he observed, from a distance of approximately 40 feet, a scuffle involving four inmates: defendant, Robinson, Johnson and Lamont White. The correction officer witnessed defendant holding Robinson in a headlock from behind, with Johnson and White in front of Robinson, and he yelled for them to break it up. He then saw that Robinson's face was bleeding severely, ultimately requiring over 200 stitches. Robinson testified that about 10 minutes prior to the assault, Johnson questioned him about whether he had contacted Johnson's girlfriend and he told Johnson "no," and they walked away from one another. Thereafter, White* —sitting on a picnic table—called Robinson over to ask him a question. Johnson came over and again questioned Robinson about his girlfriend, and Robinson recalled that he last saw defendant a few feet behind him near the drinking fountain; Robinson was then grabbed from behind and held in a choke hold until he was unconscious while someone repeatedly cut his face. He did not actually see the person who grabbed him from behind but presumed it was defendant, since he was the only inmate behind him just prior to the attack.

Also testifying was Gerard Walker, an inmate and friend of the victim who, as of the trial, was serving a 50-year to life sentence for second degree murder and other crimes (*People v Walker*, 279 AD2d 696). He was present in the courtyard and testified to witnessing defendant hold Robinson from behind in a headlock while Johnson slashed his face. Walker reported that Johnson then secreted the blade in his rectum, where it was later recovered.

Viewing the foregoing evidence in the light most favorable to the prosecution (*see, People v Williams*, 84 NY2d 925, 926; *People v Contes*, 60 NY2d 620, 621), we conclude that the evidence was legally sufficient to establish defendant's direct participation—while acting with the requisite intent—in the assault of Robinson with a dangerous instrument, inflicting serious physical injury consisting of multiple, deep facial

---

* The charges against White were dismissed at the close of the People's case.

lacerations, and causing permanent and serious disfigurement (*see, People v Acosta*, 80 NY2d 665, 672; *People v Bleakley*, 69 NY2d 490, 495; *see also*, Penal Law § 120.10 [1], [2]; *People v Rivera*, 84 NY2d 766; *People v Duncan*, 46 NY2d 74, 79-80, *cert denied* 442 US 910). Further, we conclude that a different verdict would have been unreasonable in view of the credible eyewitness evidence of defendant's guilt and, accordingly, find that the verdict is amply supported by the weight of the evidence (*see*, CPL 470.15 [5]; *People v Bleakley, supra*).

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

