THIRD DEPARTMENT, DECEMBER, 2005

(December 1, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN JOHNSON, Appellant. [806 NYS2d 251]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 29, 1999, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and promoting prison contraband in the first degree.

While incarcerated in the Albany County jail awaiting trial on unrelated charges, defendant was in the recreation area with six other inmates, including the victim, who defendant accused of making advances toward defendant's girlfriend. While another inmate held the victim in a head lock from behind—causing him to momentarily lose consciousness—defendant allegedly cut the victim's face with a razor blade. The correction officer on duty observed a scuffle and ordered the men to break it up, but did not see defendant cut the victim. After the men dispersed, the victim approached the cage and the correction officer noticed his injuries and called for assistance. The lacerations to the victim's face required well in excess of 200 stitches and resulted in scarring. The recreation area, including those

inmates who had been in that area at the time of the assault, was searched for weapons but none was recovered. After one of the inmates reported seeing defendant hide the blade in his rectum, defendant was informed that he was being taken to the hospital to be x-rayed for weapons. Defendant then produced two bags from his rectum, one of which contained a matchbook cover folded in half with a bloody, single-edge razor blade inside. A genetic profile test performed on the blood on the razor blade matched the victim's blood.

Defendant was convicted of assault in the first degree (two counts) and promoting prison contraband in the first degree and sentenced to concurrent 25-year prison terms for the two assault convictions and 3½ to 7 years for the contraband conviction, to run consecutively to the 25-year terms. On defendant's appeal, we affirm.

Defendant's primary contention on appeal is to the legal sufficiency and weight of the credible evidence. "A verdict is supported by legally sufficient evidence when, viewed in the light most favorable to the prosecution, 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (*People v Plaisted*, 2 AD3d 906, 907 [2003], *lv denied* 2 NY3d 744 [2004] [citations omitted], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). The assault convictions required the People to demonstrate that defendant, "[w]ith intent to cause serious physical injury," caused such injury "by means of . . . a dangerous instrument" (Penal Law § 120.10 [1]) and that defendant, "[w]ith intent to disfigure another person seriously and permanently, . . . caus[ed] such injury" (Penal Law § 120.10 [2]). With respect to promoting prison contraband in the first degree, it was the People's burden to prove that defendant, "a person confined in a detention facility, . . . knowingly and unlawfully . . . possess[ed] any dangerous contraband" (Penal Law § 205.25 [2]).

The foregoing evidence adduced at trial was more than sufficient to satisfy the proof and burden requirements of every element of the crimes charged (*see People v Bleakley, supra* at 495). Further, we find that the verdict is not against the weight of the evidence, inasmuch as our independent review of the evidence reveals that a different verdict would have been unreasonable under these circumstances (*see id.*; *People v Clark*, 284 AD2d 725, 727 [2001]).

We have also considered defendant's objections to County Court's *Sandoval* ruling and find no error. The record establishes that County Court appropriately balanced the probative

value of the prior offenses on the issue of defendant's credibility against the prejudice to defendant of creating the perception that he has a propensity to commit crime (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Rockwell*, 18 AD3d 969, 970 [2005], *lv denied* 5 NY3d 768 [2005]). As a result, the court ruled that the People could not inquire about offenses committed by defendant when he was 16 years old, limited inquiry into defendant's convictions of a host of other crimes by allowing the People to establish only the level of arrest and disposition (without naming the crime), and permitted inquiry into defendant's 1984 arrest for robbery in the second degree and unlawful possession of marihuana and subsequent conviction upon a guilty plea to petit larceny. We find that County Court appropriately considered defendant's "consistent engagement in activities involving dishonesty" as demonstrating his willingness to place his own interests over that of society and thus found his criminal history highly probative of his credibility (*People v Rockwell, supra* at 970-971).

We also reject defendant's contention that the sentence imposed for his conviction of promoting prison contraband should run concurrently, rather than consecutively as imposed, with his two 25-year sentences on the assault convictions. Concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Laureano*, 87 NY2d 640, 643 [1996]). Here, identifiable, independent acts separate the assault and possession offenses. The assaults were completed when defendant intentionally and repeatedly slashed the victim with the razor blade (*see People v Sullivan*, 300 AD2d 689, 691-692 [2002], *lv denied* 100 NY2d 587 [2003]; *People v Clark, supra* at 726-727). When defendant thereafter secreted the blade in his body, where it was eventually recovered, he demonstrated possession of a weapon while incarcerated at a correctional facility, acts which are sufficient to establish the separate crime of promoting prison contraband in the first degree (*see People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Bailey*, 291 AD2d 667, 667-668 [2002]).

Finally, given defendant's extensive criminal history and the cruelty and violence involved in the instant offense, we do not find that the sentences imposed were either harsh or excessive (*see People v Santiago*, 6 AD3d 979, 979 [2004]; *People v Morey*, 304 AD2d 855, 856-857 [2003], *lv denied* 100 NY2d 564 [2003]; *People v Houghtaling*, 203 AD2d 817, 818 [1994]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.