*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    104645
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ADAM M. HADFIELD,
                        Appellant.
_____

Calendar Date:  May 30, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____


        John A. Cirando, Syracuse, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____


Lynch, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered October 7, 2011, convicting
defendant following a nonjury trial of the crime of assault in
the second degree.

        Defendant was convicted, after a nonjury trial, of assault
in the second degree.  The charge stemmed from his conduct, while
incarcerated at the St. Lawrence County Correctional Facility, in
kicking another inmate in the face during a game in the
recreational yard.[1]  When questioned by Correction Sergeant

_____

        [1]  Defendant was in the correctional facility awaiting trial
on an indictment charging him with, among other things, criminal

Jeffrey Bercume, defendant admitted that he had kicked the victim in the face because he was annoyed with him, but asserted that it had been accidental.  The incident was recorded by facility cameras, and a video thereof was played and admitted into evidence at trial.  Upon his conviction, defendant was sentenced as a second felony offender to a prison term of seven years with three years of postrelease supervision, to be served concurrently to the aggregate 53-year prison term imposed on the same date for unrelated convictions.  Defendant now appeals.

Contrary to defendant's claims, the verdict is supported by legally sufficient evidence and is not contrary to the weight of the credible evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]; see also People v Cahill, 2 NY3d 14, 57-58 [2003]).  To prove that defendant committed the crime of assault in the second degree as charged, the People were required to establish that, while incarcerated after having been charged or convicted of a crime, defendant intentionally caused physical injury to another person (see Penal Law § 120.05 [7]).  Defendant conceded that, at the time of the incident, he was incarcerated and had been charged with numerous sex offenses and other crimes; he challenges only the evidence of his intent and of the victim's physical injuries.  Viewing the evidence, particularly the video of the assault, in the light most favorable to the People and affording them the benefit of every favorable inference, as we must on a legal sufficiency review (see People v Cabey, 85 NY2d 417, 420 [1995]; People v Contes, 60 NY2d 620, 621 [1983]), we find that the People established beyond a reasonable doubt that defendant intentionally caused physical injury to the victim (see People v Bleakley, 69 NY2d at 495).  His intent was readily inferable from the deliberate, forceful and unprovoked conduct

---

sexual act in the first degree (five counts), unlawful imprisonment in the first degree, menacing in the second degree, criminal mischief in the fourth degree, kidnapping in the second degree, sexual abuse in the first degree, rape in the first degree and driving while intoxicated.  Following a jury trial, defendant was convicted of those charges and, upon appeal, this Court has affirmed the judgment of conviction (People v Hadfield, ___ AD3d ___ [appeal No. 101644, decided herewith]).

itself and the surrounding circumstances, all of which were clearly captured on the video (see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301 [1977]; People v Johnson, 107 AD3d 1161, 1163 [2013], lv denied 21 NY3d 1075 [2013]; People v Ford, 90 AD3d 1299, 1300 [2011], lv denied 18 NY3d 994 [2012]). The People proved that the victim had sustained "physical injury" with evidence that he remained crouched down for several minutes after the assault and was later found disoriented and injured in his cell with a swollen face and cut lip, experiencing a high level of pain. The victim had no memory of the incident or of the surrounding time period, and the medical evidence established that he had sustained a concussion (see Penal Law § 10.00 [9]; People v Hines, 9 AD3d 507, 511 [2004], lv denied 3 NY3d 707 [2004]; People v Mack, 301 AD2d 863 [2003], lv denied 100 NY2d 540 [2003]). As "there is a[] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial" (People v Bleakley, 69 NY2d at 495), we find that the evidence was legally sufficient.

Upon our independent review of the weight of the credible evidence, we find that, in light of the video of the assault unmistakably demonstrating defendant's intent to cause physical injury to the victim, a different verdict would have been unreasonable (see People v Johnson, 24 AD3d 803, 804 [2005]; People v Clark, 284 AD2d 725, 727 [2001]). Even if a different verdict would have been reasonable (see People v Bleakley, 69 NY2d at 495; see also People v Romero, 7 NY3d 633, 643 [2006]), viewing the probative force of the conflicting evidence in a neutral light and according deference to the credibility determinations of County Court, as factfinder, given its ability to view the witnesses firsthand, we are satisfied that the verdict was not contrary to the weight of the evidence (see People v Bleakley, 69 NY2d at 495; see also People v Danielson, 9 NY3d 342, 348 [2007]; People v Mitchell, 57 AD3d 1308, 1309-1310 [2008]). The court rationally rejected as incredible defendant's explanation that his actions in kicking the victim in the face were accidental or part of the game, as his conduct can only reasonably be viewed as intentional.

Contrary to defendant's claims, his statement to Bercume was not the result of a custodial interrogation requiring Miranda warnings. While Bercume admittedly did not administer such warnings prior to questioning defendant about the incident, Miranda warnings are only required prior to questioning an inmate in a prison setting where "the circumstances of the detention and interrogation . . . entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility" (People v Alls, 83 NY2d 94, 100 [1993], cert denied 511 US 1090 [1994]; see People v Passino, 53 AD3d 204, 205-206 [2008], affd 12 NY3d 748 [2009]). At the Huntley hearing, Bercume testified that he viewed the video recording of the incident, and then went to defendant's single cell around 10:40 p.m., after the inmates had been locked down for the night. He entered the cell, which remained unlocked, and asked defendant "if he had any idea what occurred in the rec yard" to the victim. Defendant initially denied any knowledge of the incident but, when Bercume told him that he had viewed a video of the incident, defendant stated that he had become agitated with the victim and had asked him to stop doing something, and, when the victim continued to annoy him, defendant kicked him in the face. The entire conversation lasted about five minutes, defendant was not transported to an isolated location, handcuffed or restrained, Bercume was unarmed and no one else was present. We find that the interaction was "analogous to the relatively brief, generally public, or otherwise on-the-scene investigatory detentions in nonprison settings found not custodial for Miranda purposes" (People v Alls, 83 NY2d at 100). As the record is devoid of any proof of "added constraint . . . over and above that of ordinary confinement in a correctional facility," the questioning was not custodial for purposes of Miranda, and Miranda warnings were not required (People v Alls, 83 NY2d at 100; see People v Passino, 53 AD3d at 205-206; compare People v Gause, 50 AD3d 1392, 1393 [2008]; People v Van Patten, 48 AD3d 30, 33-34 [2007], lv denied 10 NY3d 845 [2008]).

Defendant further argues that his indelible right to counsel was violated when he was questioned in jail about this assault at a time when he was represented by counsel on pending

charges for which he was incarcerated, and that his statement should have been suppressed. "Under New York's indelible right to counsel rule, a defendant in custody in connection with a criminal matter for which he [or she] is represented by counsel may not be interrogated in the absence of his [or her] attorney with respect to that matter or an unrelated matter unless he [or she] waives the right to counsel in the presence of his [or her] attorney" (People v Lopez, 16 NY3d 375, 377 [2011]). Relevant to this inquiry is whether the correction officer knew or should be charged with the knowledge of defendant's representation by counsel on the unrelated charge (see id. at 382). While defendant raised this issue in his stipulation in lieu of motions, he did not pursue it at the suppression hearing and his request to reopen the hearing was denied. However, "a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial," provided there is a "factual record sufficient to permit appellate review" (People v Kinchen, 60 NY2d 772, 773-774 [1983]; accord People v Westervelt, 47 AD3d 969, 972 [2008], lv denied 10 NY3d 818 [2008]). Accepting, arguendo, that Bercume was aware that defendant was in custody and represented by counsel on pending charges (see People v Burdo, 91 NY2d 146, 150 and n [1997]), we agree that the questioning[2] of defendant without counsel regarding this assault violated his indelible right to counsel (see People v Lopez, 16 NY3d at 380-383). However, we conclude that the erroneous admission of his statement — acknowledging that he had kicked the victim but claiming it had been accidental — was harmless beyond a reasonable doubt and reversal is not required, as "there is no reasonable possibility that the error might have contributed to defendant's conviction" (People v Crimmins, 36 NY2d 230, 237 [1975]; accord People v Smith, 97 NY2d 324, 330 [2002]; People v Westervelt, 47 AD3d at 973; see People v Lopez, 16 NY3d at 386-

_____

[2] The fact that defendant was questioned by a correction officer rather than by a police officer does not alter our conclusion (see People v Garofolo, 46 NY2d 592, 603 [1979]; see e.g. People v Hopkins, 86 AD2d 937, 939 [1982], affd 58 NY2d 1079 [1983]).

387; see also People v Wardlaw, 6 NY3d 556, 560-561 [2006]). Indeed, the video of the incident provided overwhelming evidence of his intent and guilt, as County Court noted in announcing its verdict.

Finally, given defendant's extensive criminal history, we find no extraordinary circumstances or abuse of discretion supporting a reduction of the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Elliot, 57 AD3d 1095, 1097 [2008], lv denied 12 NY3d 783 [2009]).

Stein, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court