■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS JIMENEZ, Appellant. [32 NYS3d 163]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered December 20, 2012, as amended January 17, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of nine years, unanimously affirmed.

Regardless of any question of preservation, defendant's claim that the court improperly refused to accept a guilty plea is unreviewable on direct appeal because it turns on unrecorded discussions and other matters not reflected in the record (*see People v Kinchen*, 60 NY2d 772 [1983]). To the extent the present record permits review, we find that the court properly exercised its discretion in not completing defendant's plea allocution and in declining to accept his plea. The totality of defendant's responses, over the course of a lengthy process, failed to demonstrate unequivocally that he was pleading guilty knowingly, intelligently and voluntarily (*see People v Hankins*, 286 AD2d 639 [1st Dept 2001], *lv denied* 97 NY2d 755 [2002]). Although the decision to plead guilty is one to be made by a defendant personally, it was appropriate for counsel, who had made every effort to assist his client in pleading guilty, to alert the court to his own doubts about defendant's ability to enter a voluntary plea, and for the court to take the attorney's doubts into consideration. The record fails to support defendant's assertion that the court simply "deferred" to the attorney's concerns, or that the attorney interfered with his client's choice to plead guilty.

The court properly instructed the jury on the automobile presumption set forth in Penal Law § 220.25 (1). All of the elements of that presumption were satisfied, where a codefendant threw drugs out of the window of the stopped car defendant was driving, and the police immediately recovered the drugs (*see e.g. Matter of Rhamel C.*, 261 AD2d 125 [1st Dept 1999] [applying analogous automobile presumption for weapons]). Unlike the situation in *People v Kims* (24 NY3d 422, 432-438 [2014]), which found the drug factory presumption inapplicable to a defendant who had departed from the premises before the police arrived, here defendant was still in the location where the drugs had been, i.e. the car, at the time the drugs were found (albeit on the ground next to the car rather than inside it). There was no evidence that the drugs had been "concealed upon the person" (Penal Law § 220.25 [1]) of the codefendant, so as to render the presumption inapplicable. Moreover, such concealment was unlikely given the size of the drug package

and other evidence, and the court's charge submitted the concealment issue to the jury as a factual issue. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.