People v Shabazz (2019 NY Slip Op 53935)





People v Shabazz


2019 NY Slip Op 53935


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109335

[*1]The People of the State of New York, Respondent,
v
Salih R. Shabazz, Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


Theodore J. Stein, Woodstock, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.

Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered October 26, 2016, convicting defendant following a nonjury trial of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).
Shortly after police officers saw defendant leaving a building, they apprehended him and executed a search warrant on the second-floor apartment in the building, seizing, among other things, cash, a digital scale, boxes of glassine envelopes and heroin. Following a nonjury trial, defendant was convicted of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts). County Court sentenced him to concurrent terms of imprisonment of 10 years, followed by three years of postrelease supervision, for each conviction of criminal possession of a controlled substance in the third degree, and to lesser concurrent terms on the other convictions. Defendant appeals.
The convictions are supported by legally sufficient evidence and are not against the weight of the evidence. In reviewing the legal sufficiency of the evidence, this Court must determine whether, when viewing the evidence in the light most favorable to the People, "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal citation omitted]; accord People v West, 166 AD3d 1080, 1083-1084 [2018], lv denied 32 NY3d 1129 [2018]; People v Gethers, 151 AD3d 1398, 1398-1399 [2017], lv denied 30 NY3d 980 [2017]). To determine whether a verdict is against the weight of the evidence, this Court must determine whether a different finding would not have been unreasonable; then, viewing the evidence in a neutral light and deferring to the factfinder's credibility assessments, we weigh the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony (see People v Nunes, 168 AD3d 1187, 1188 [2019], lv denied 33 NY3d 979 [2019]).
As relevant here, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). "A person is guilty of criminally using drug paraphernalia in the second degree when he [or she] knowingly possesses or sells
. . . glassine envelopes . . . or any other material suitable for the packaging of individual quantities of narcotic drugs
. . . under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug" (Penal Law § 220.50 [2]). Another subdivision of the same statute criminalizes knowing possession of "[s]cales and balances used or designed for the purpose of weighing or measuring controlled substances, under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for purposes of unlawfully manufacturing, packaging or dispensing of any narcotic drug" (Penal Law Penal Law § 220.50 [3]). Possession includes actual physical possession or constructive possession through the exercise of "dominion or control over the contraband by a sufficient level of control over the area in which the contraband was found" (People v Leduc, 140 AD3d 1305, 1306 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 932 [2016]; see Penal Law § 10.00 [8]; People v Alberts, 161 AD3d 1298, 1300-1301 [2018], lv denied 31 NY3d 1114 [2018]; People v Maricle, 158 AD3d 984, 986 [2018]). "Dominion or control is necessarily knowing, and such constructive possession may qualify as knowing possession" (People v Muhammad, 16 NY3d 184, 188 [2011] [internal quotation marks and citation omitted]). Whether a defendant had dominion or control over the area where the contraband was found may be inferred from the circumstances, and we generally defer to the factfinder's resolution of this factual question (see People v Crooks, 129 AD3d 1207, 1208-1209 [2015], affd 27 NY3d 609 [2016]).
As defendant's trial motion for dismissal challenged only the element of whether defendant knowingly possessed the narcotics and paraphernalia located in the apartment, his legal sufficiency argument is preserved only as to that element. A police officer testified that defendant was observed exiting the building on more than one occasion over the days leading up to the execution of the search warrant, including one day when he was seen descending the stairs from the second floor. Defendant's wallet, which included his identifying documents, was found in a bedroom that contained men's and women's clothing. Another officer testified that, when asked for his address, defendant gave the address of the apartment that was searched; defendant also signed a Miranda waiver form containing that address in the pedigree information. Defendant was seen leaving the building shortly before the search warrant was executed and some of the drugs and paraphernalia were on the floor of the living room at the time of execution, indicating that someone was then or recently in the process of packaging the drugs. In his discussion with an officer, defendant demonstrated his knowledge that there were two safes in the apartment, his familiarity with the contents of each, and that he cut and packaged heroin for sale. This evidence was legally sufficient to establish that defendant exercised dominion or control over the apartment and the safe where the contraband was found, so as to establish his knowing possession thereof (see People v Palin, 158 AD3d 936, 938 [2018], lv denied 31 NY3d 1016 [2018]).
Defendant's statements to police indicated that he either directly or indirectly sold 10 to 15 grams of heroin per week, and the evidence was consistent with his admission to drug trafficking. The packaging materials and scale had residue on them, packaged bundles of heroin were stored in a safe with cash, and officers testified that the amount of heroin was inconsistent with personal use and the heroin was bundled for sale. Although another verdict would not have been unreasonable, the verdict is not against the weight of the evidence because the evidence proved that defendant knowingly possessed a digital scale and glassine envelopes under circumstances evincing his knowledge that someone intended to use these items for packaging drugs for sale, and that he possessed the heroin in two different locations within the apartment (the living room and the safe) with the intent to sell that heroin (see People v Newman, 169 AD3d 1157, 1160 [2019]).
Defendant's challenge to the indictment as multiplicitous is unpreserved because he failed to raise that contention in his pretrial motion to dismiss the indictment or at any time before the verdict was rendered (see People v Rice, 172 AD3d 1616, 1619 [2019]; People v Valcarcel, 160 AD3d 1034, 1037 [2018], lvs denied 31 NY3d 1081, 1088 [2018]). His challenge to County Court's failure to hold a Darden hearing is unpreserved because "his motion papers did not set forth a factual basis to warrant such a hearing" (People v Seecoomar, 174 AD3d 1154, 1155 [2019]; see People v Brown, 167 AD3d 1331, 1333 [2018]). Defendant failed to show that any Rosario violation occurred, as he did not demonstrate the existence of the notes that he now alleges were withheld (see People v Blount, 129 AD3d 1303, 1305-1306 [2015], lv denied 27 NY3d 992 [2016]).
Although defendant is permitted to argue — even though he did not preserve the issue by raising it in the trial court — that his indelible right to counsel was violated, we are unable to address the issue because we lack a factual record necessary for appellate review (see People v Kinchen, 60 NY2d 772, 773-774 [1983]; People v Hadfield, 119 AD3d 1224, 1227 [2014], lv denied 24 NY3d 1002 [2014]; compare People v Westervelt, 47 AD3d 969, 972-973 [2008], lv denied 10 NY3d 818 [2008]). More specifically, there is no record "proof that defendant was represented by counsel in connection with the [outstanding] warrant or any pending charge," such that the police would have been prohibited from questioning defendant on the unrelated current charges without obtaining a waiver in front of counsel (People v Kinchen, 60 NY2d at 774; see People v Lopez, 16 NY3d 375, 380 [2011]).
We reject defendant's assertion that he was entitled to an Alfinito/Franks hearing to challenge the veracity of the statements contained in the search warrant application. The defendant bears the burden of proving entitlement to such a hearing by showing that the search warrant application contains a false statement made knowingly, intentionally or with reckless disregard for the truth (see People v Victor, 139 AD3d 1102, 1104 [2016], lv denied 28 NY3d 1076 [2016]; People v Folk, 44 AD3d 1095, 1097 [2007], lvs denied 9 NY3d 1006, 1009 [2007]; People v Richardson, 28 AD3d 1002, 1005 [2006], lv denied 7 NY3d 817 [2006]). Because defendant provided no factual support to County Court for his request for such a hearing, and even now offers nothing more than conclusory allegations, he was not entitled to an Alfinito/Franks hearing (see id.).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.