People v Rodriguez (2021 NY Slip Op 03669)





People v Rodriguez


2021 NY Slip Op 03669


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Ind No. 1572/17 Appeal No. 14036 Case No. 2018-2404 2018-02685 

[*1]The People of the State of New York, Respondent,
v
Angel Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 7, 2018, as amended May 3, 2018 and October 15, 2019, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of eight years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's attacks on the testimony of the People's multiple witnesses are unpersuasive.
Defendant did not preserve his claim that the People improperly elicited and commented on his refusal to give the police certain clothing he was wearing at the time of his arrest, and we decline to review it in the interest of justice. Furthermore, because defendant did not raise the issue at trial, he did not create a sufficient factual record (see People v Kinchen, 60 NY2d 772, 773-774 [1983]) to determine whether this was actually a comment on his exercise of his right to withhold consent to an otherwise unlawful seizure. As an alternative holding, we find no basis from the existing record to conclude that the challenged testimony and comment violated any constitutional right, and we also find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). Similarly, on the existing record there is no basis for finding that trial counsel rendered ineffective assistance by failing to raise this issue.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021