People v Gomezkadawid (2022 NY Slip Op 02371)

People v Gomezkadawid

2022 NY Slip Op 02371

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Ind. No. 3248/17 Appeal No. 15708 Case No. 2019-2326 

[*1]The People of the State of New York, Respondent,
v
Yahkimi Gomezkadawid, Also Known as Yakhymini Gomezkadawid, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Bryan Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered January 29, 2019, as amended March 7, 2019, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
The verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, accepting the undercover officer's testimony and rejecting defendant's implausible version of the events.
Defendant's claim that he was denied a fair trial by the admission of cash recovered from his person, in addition to the prerecorded buy money, is unreviewable for lack of a sufficient record (see People v Kinchen, 60 NY2d 772 [1983]). Given the particulars of defendant's agency defense, the existing record is consistent with defense counsel having waived any objection to this evidence at a pretrial colloquy that is mentioned, but not contained, in the record on appeal. To the extent the record permits review, we find that the evidence was not prejudicial. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022