People v Jude (2023 NY Slip Op 05993)

People v Jude

2023 NY Slip Op 05993

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Ind No. 1540/15 Appeal No. 1068-1068A Case No. 2017-1948 

[*1]The People of the State of New York, Respondent,
v
Steven Jude, Defendant-Appellant.

Steven Jude, appellant pro se.
Twyla Carter, The Legal Aid Society, New York (Richard Joselson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 14, 2018, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, to run consecutively to his sentence on an unrelated federal conviction, unanimously affirmed. Appeal from judgment, same court and Justice, rendered February 14, 2017, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, to run concurrently with his sentence on the unrelated federal conviction, unanimously dismissed, as moot.
Defendant initially pleaded guilty to robbery in the second degree, in exchange for a promised sentence of 16 years to life, to run concurrently with his impending sentence in an unrelated federal matter. After defendant's guilty plea, however, the federal court imposed sentence and ruled that the sentence would "not [be] concurrent with any state sentence." Thereafter, Supreme Court imposed the promised sentence, to run concurrently with the federal sentence; neither defendant nor defense counsel, who did not represent defendant at sentencing in the federal case, informed the court of the federal court's sentence at the time. Defendant, represented by new counsel, then moved to vacate the judgment of conviction pursuant to CPL 440.10(1)(h), contending, among other things, that his guilty plea was involuntary because it had been induced by an unfulfilled promise that his state sentence would run concurrently with his federal sentence. After discussions with the court, defendant ultimately agreed to a negotiated disposition by which the court would vacate his plea and permit him to replead to attempted second-degree robbery, in exchange for a sentence of 12 years to life, to run consecutively to the federal sentence. Defendant also agreed to waive his right to appeal and withdraw his CPL 440.10 motion.
Defendant's contentions that his plea must be vacated because the court improperly used its promise of concurrent sentences in the initial plea offer to induce him to replead, and because the re-plea was based on a mistake of law that concurrent sentences could not be effectuated, are unpreserved, and we decline to address them in the interest of justice. Further, defendant failed to make an adequate record for appellate review of his claims, as there is a lack of discussion on the record regarding defendant's CPL 440.10 motion and whether the promised sentence could be effectuated (see People v McLean, 15 NY3d 117, 119 [2010]; People v Kinchen, 60 NY2d 772, 773-774 [1983]). As an alternative holding, we reject the claims on the merits. The record does not support defendant's contentions that he was improperly induced to replead, or that the new plea was based on a misapprehension that concurrent sentences could not be effectuated. Rather, [*2]the record establishes that defendant chose to avoid a hearing on his CPL 440.10 motion, in order to pursue the negotiated disposition of having the court vacate his prior plea and sentence and enter a new plea with a lower sentence that would run consecutively with the federal sentence. The plea colloquy raises a reasonable inference that defendant did so due to the unlikelihood of the success of his CPL 440.10 motion. We reject defendant's contention that the court should have granted the CPL 440.10 motion on the papers, as it was reasonable for the court to want to hear from the attorney accused of providing ineffective assistance, and defendant's ineffective assistance claim was intertwined with his claim that his plea was involuntary.
Defendant's contention that the court improperly summarily denied his motion to withdraw the initial 2016 plea, and that this Court should remand the matter for a hearing, is unavailing. First, because the court vacated the 2016 plea prior to accepting the 2018 plea, any direct challenge to the voluntariness of the 2016 plea is moot (see People v Fraser, 183 AD3d 435, 436 [1st Dept 2020]). Defendant argues that if the court on remand finds that the motion should have been granted, both pleas must be vacated because the court used the initial sentence to induce him to agree to replead. However, even if the 2018 plea was entered as a means of avoiding a harsher sentence pursuant to the 2016 plea, that would not render the subsequent plea invalid (see People v Edwards, 96 NY2d 445, 452-453 [2001]). Further, defendant has not preserved his claim that his negotiated disposition in 2018 was "induced" by his 2016 plea, and his claim is unreviewable, as he did not create an adequate record by moving to vacate the 2018 judgment on that ground (see People v Dukes, 162 AD2d 292, 293 [1st Dept 1990], lv denied 77 NY2d 838 [1991]).
The court providently exercised its discretion in adjudicating defendant a persistent violent felony offender. Although defendant received an unlawful sentence on his 2010 predicate conviction, no relief is required because defendant is the beneficiary of an illegally lenient sentence (see People v Flores, 167 AD2d 160 [1st Dept 1990], lv denied 77 NY2d 906 [1991]).
Defendant's valid waiver of the right to appeal forecloses appellate review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence, or remanding the matter for resentencing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023