People v Walters (2025 NY Slip Op 07344)

People v Walters

2025 NY Slip Op 07344

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

SCI No. 3713/2014, 3714/2014|Appeal No. 5477|Case No. 2015-2278|

[*1]The People of the State of New York, Respondent,
v
Steven Walters, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marc J. Whiten, J.), rendered March 11, 2015, as amended April 2, 2015, convicting defendant, upon his pleas of guilty, of sexual abuse in the first degree (two counts), and sentencing him to concurrent terms of four years, unanimously affirmed.
Defendant contends that the court's failure to inform him of possible civil confinement pursuant to the Sex Offender Management and Treatment Act (SOMTA) (Mental Hygiene Law § 10.01 et seq.) rendered his plea involuntary. However, defendant never moved to withdraw his plea and thus has failed to preserve his claim for appellate review (see People v Johnson, 232 AD3d 940, 941 [3d Dept 2024], lv denied 43 NY3d 945 [2025]; People v Madden, 112 AD3d 740, 741 [2d Dept 2013]). Further, defendant has failed to develop a factual record sufficient to permit appellate review of his claim (see People v Kinchen, 60 NY2d 772, 773-774 [1983]), which hinges on his knowledge, or lack thereof, of the potential SOMTA consequences of his guilty plea. In any event, possible confinement pursuant to SOMTA is a collateral consequence of defendant's guilty plea, and the court's failure to discuss that possibility did not render the plea involuntary in this case (see People v Harnett, 16 NY3d 200, 205 [2011]). The record did not establish that the prospect of SOMTA confinement was sufficiently realistic that he would have rejected the plea bargain had he been aware of SOMTA (see id. at 207; People v Elliot, 227 AD3d 529 [1st Dept 2024], lv denied 42 NY3d 970 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025