People v Graham (2026 NY Slip Op 01290)

People v Graham

2026 NY Slip Op 01290

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Mendez, O'Neill Levy, Chan, JJ. 

Ind No. 71500/24|Appeal No. 5996|Case No. 2025-01052|

[*1]The People of the State of New York, Respondent,
vDebra Graham, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Kim M. Parker, J.), rendered January 28, 2025, convicting defendant, upon her plea of guilty, of grand larceny in the fourth degree and petit larceny, and sentencing her to five years of probation on the grand larceny count and a conditional discharge of one year on the petit larceny count, unanimously modified, on the law, to the extent of striking the condition of probation requiring her to pay $375 in surcharge and fees as a condition of her probation, and otherwise affirmed.
Defendant did not knowingly, intelligently, and voluntarily waive her right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). The court did not explain that the right to appeal is "separate and distinct" from the rights automatically waived by a guilty plea, or that defendant would ordinarily retain the right to appeal even after pleading guilty. While defendant signed a detailed written waiver which thoroughly and correctly explained these distinctions, the record did not establish that defendant read the written waiver or that she understood its contents. Nonetheless, we perceive no basis for reducing the sentence.
We find that making payment of the mandatory surcharge, crime victim's assistance fees, and DNA fees, a condition of defendant's probation will not assist in ensuring that she leads a law-abiding life and is not reasonably related to her rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]), accordingly that condition is stricken. We note that the people do not oppose this relief. We find that the condition of probation that requires defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [] not consort with disreputable people," is reasonably related to her rehabilitation given that defendant was convicted of stealing the complainant's wallet which contained her licenses, debit and credit cards, and admitted to the Department of Probation that she smokes marijuana on a daily basis (see People v Lombard, 241 AD3d 1126 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). Indeed, that condition is expressly authorized by, and tracks the language of, Penal Law § 65.10 (2)(a) and (b).
Defendant has not provided an adequate record for this Court to review her claim that due to her physical disability, she cannot work, and that the condition of probation that requires her to "[w]ork faithfully at suitable employment or pursue a course of study or vocational employment approved by the Department of Probation that can lead to suitable employment" should be stricken (see People v Kinchen, 60 NY2d 772, 774 [1983]). Defendant's statements to the Department of Probation regarding her physical disability and her receipt of Social Security benefits due to her physical disability were not verified, and defendant did not challenge that condition at sentencing so as to create an adequate record.
Defendant did not ask the sentencing court for a certificate of relief from civil disabilities, and thus, there is no determination for this Court to review (see Correction Law § 702[3]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026